### DAVID LIEBERMAN v. HAROLD W. OWENS ET AL.

SUPERIOR COURT     MIDDLESEX COUNTY     FILE No. 10194

Memorandum filed February 14, 1949

*Ellis, Raczka* and *Davis,* of Middletown, for the Plaintiff.

*Philip R. Shiff,* and *Gumbart, Corbin, Tyler* and *Cooper,* of New Haven, for the Defendants.

INGLIS, J. This is an action instituted on January 5, 1949, returnable to the first Tuesday of February, 1949, in which the plaintiff seeks to recover for personal injuries, property damage

to his car and loss of use of his car resulting from an automobile collision claimed to have been caused by the combined negligence of all of the defendants.

The ground for the plea in abatement is that there is another action pending. The action referred to is one instituted by The Hartford Fire Insurance Company on December 21, 1948, returnable to the Court of Common Pleas in New Haven County on the first Tuesday of January, 1949. The complaint in that action alleges that the plaintiff there had insured the Lieberman car against damage from collision, with $50 deductible, and had paid Lieberman $395.36 by reason of the fact that his car had been damaged in the collision referred to in the present suit. At the hearing on the plea in abatement those facts were admitted. The Hartford Fire Insurance Company, as "subrogee and assignee" of Lieberman, seeks to recover the amount paid by it to Lieberman from the same defendants as those named here on the ground of the same negligence as that alleged here.

It is, of course, well established that "the pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause of abatement." *Hatch* v. *Spofford*, 22 Conn. 485, 494; *Welles* v. *Rhodes*, 59 Conn. 498, 503; *Cahill* v. *Cahill*, 76 Conn. 542, 547; *Dettenborn* v. *Hartford-National Bank and Trust Co.*, 121 Conn. 388, 392. The reason for the rule, however, is that there cannot be any necessity for bringing a second suit and therefore the second suit must be oppressive and vexatious. *Hatch* v. *Spofford, supra.* The rule is not inflexible and where the reason for it does not exist the rule is not applied. *Farley-Harvey Co.* v. *Madden*, 105 Conn. 679, 682.

There are two reasons why the present case does not fit into the rule. The first is that the parties in the two suits are not the same. Here the plaintiff is Lieberman. There it is The Hartford Fire Insurance Company. Although there may be some situations in which the requirement of identity of the parties does not apply (Cf. *Dettenborn* v. *Hartford National Bank & Trust Co., supra*, 392), those situations are only where the second suit is vexatious even though the parties are different. Such is not the case here. It cannot reasonably be contended that a suit is vexatious where it is brought to recover the major portion of one's damages for which he has not been reimbursed.

The second reason why the rule does not apply is that it is not the same claim which is being sued upon in both actions. The suits are not brought to accomplish the same purpose. It is true that both actions are brought to recover for the same delict on the part of the defendants. But any claim is made up of two elements; i. e., a delict and damages. The claim in suit here is for damages over and above and different from the damages sought to be recovered in the other action.

If it were true, as contended by the defendants, that a claim arising out of a single delict may not be split, the question might present some difficulties. But such is not the law. It is not at all uncommon for an obligee under a severable contract to assign a portion of the benefits of that contract to another. If the obligor breaches his entire contract and the assignee brings suit for damages sustained by him, it would hardly be claimed that the pendency of that suit would prevent the original obligee from bringing suit to recover for the damage done to him by the breach. Or, if a married woman is injured by the tort of another and her husband is put to expense for medical care by reason of her injuries, it would hardly be contended that the pendency of a suit by the husband upon his derivative claim would prevent the wife from bringing an action to recover for her personal injuries. So here, The Hartford Fire Insurance Company has a claim against these defendants, derivative it is true from Lieberman's claim, but not the same claim. It arose by reason of a pre-existing contract between it and Lieberman. It is not the same claim against these defendants as the claim for personal injuries and loss of use of his automobile which Lieberman is seeking to enforce in this action. Accordingly, the pendency of the action brought to enforce the insurance company's claim should not affect Lieberman's right to bring his action to enforce his claim. If Lieberman has in effect assigned a portion of his original claim for damages, that fact may well be a partial defense in this action in so far as he is here trying to recover that portion from the defendants, but the fact that the assignee has heretofore brought suit to recover that portion is not ground for the abatement of Lieberman's action to recover that portion plus all the rest of his claim.

The plea in abatement is overruled.