CLARENCE J. HAGERTY ET AL. *v.* THE ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued May 2—decided July 18, 1950

*James F. Rosen,* for the appellant (named plaintiff).

*Harry Silverstone,* assistant attorney general, with whom, on the brief, was *William L. Hadden,* attorney general, for the appellee (defendant).

O'SULLIVAN, J.  This appeal is from a judgment of the Superior Court which sustained a decision of the unemployment commissioner denying benefits under the act to the plaintiff Hagerty.  While his case was before the court, two others raising the same legal questions were then pending.  The court, on motion, ordered all three to be consolidated.  *Rode* v. *Adley Express Co.,* 130 Conn. 274, 277, 33 A. 2d 329.  From the judgment dismissing the appeals, only Hagerty appealed to this court.  The sole question to be determined is whether §§ 1383i and 1389i of the 1947 Supplement to the General Statutes (Rev. 1949, §§ 7503, 7507) are constitutional.

The facts are not in dispute. On June 5, 1947, Hagerty, whom we shall call the plaintiff, lost his job with a firm for which he had been working as an accountant for about three years. He was still unemployed on December 6, 1948, the date of the hearing before the commissioner. He applied for unemployment benefits on July 6, 1947, and obtained them at the weekly rate of $22 for twenty weeks. This was the maximum amount to which he was entitled for 1947. On April 4, 1948, he sought a renewal of benefits. The commissioner denied his request on the ground that he had not received sufficient wages during the preceding base period to qualify as a beneficiary.

The Unemployment Compensation Act in effect when the plaintiff was discharged provided, as a condition of eligibility for benefits thereunder, that an unemployed person must have been paid not less than $240 during the base period of his current benefit year. Cum. Sup. 1939, § 1339e, as amended by Sup. 1945, § 964h. At that time, a benefit year meant the period "starting with the first Sunday in each April and ending with the Saturday before the first Sunday in April in the succeeding year." Sup. 1941, § 715f. The same section defined the base period as the calendar year preceding the benefit year.

On April 4, 1948, § 1383i of the 1947 Supplement became effective.[1] This section changed the method for determining both the benefit year and the base period of an unemployed person. It is the latter with

---

[1] Sec. 1383i. BENEFIT YEAR AND BASE PERIOD. An individual's benefit year shall commence with the beginning of the week with respect to which he has completed a waiting period and shall continue for the remainder of the calendar quarter in which said week shall begin and for the next three calendar quarters, plus the remainder of any uncompleted calendar week at the end of said period. . . . The base period of a benefit year shall be the four most recently completed calendar quarters prior to such benefit year.

which we are concerned. The base period was no longer to be the calendar year next preceding the benefit year. It was defined as "the four most recently completed calendar quarters prior to such benefit year." As applied to the plaintiff, this meant that for the benefit year beginning April 4, 1948, his base period was changed from the calendar year 1947 to the second, third and fourth calendar quarters of 1947 and the first quarter of 1948.

The act was further amended by § 1389i of the 1947 Supplement. This amendment also became effective April 4, 1948. It added for the first time as a condition of benefit eligibility that some part of the $240 of wages which an unemployed person was required to have received during his base period must have been paid to him in at least two different calendar quarters of his base period. See *Giammattei* v. *Egan,* 135 Conn. 666, 68 A. 2d 129. Were it not for § 1389i, the plaintiff would have qualified under the act, because he had been paid as wages during the second calendar quarter of 1947 the sum of $459.75, which obviously was an amount in excess of the minimum requirement of $240. The new condition of eligibility, however, made necessary the receipt of wages in two calendar quarters of the plaintiff's base period. As he had received no wages in the second, third and fourth quarters of that period, the commissioner ruled him ineligible and denied his second application.

The plaintiff maintains that he had a property right in benefits under the act as it existed at the time of his discharge; that this right was impaired and destroyed by §§ 1381i and 1389i; and that these sections, in so far as they apply to claims for unemployment benefits by one who was discharged before they became effective, are unconstitutional. Conn. Const. Art. 1 § 12. This is another way of saying that, when he lost his job, he

acquired a vested right which could not be affected by subsequent legislative action.

To be vested, a right "must have become a title, legal or equitable, to the present or future enjoyment of property, or to the present or future . . . enforcement of a demand, or a legal exemption from a demand made by another." 2 Cooley, Constitutional Limitations (8th Ed.) p. 749; *Siller* v. *Siller,* 112 Conn. 145, 151, 151 A. 524.

The Unemployment Compensation Act, from which beneficial rights are derived, expressly precludes them from acquiring the qualities which characterize vested rights. When first enacted in 1936, the act carried this saving clause: "The general assembly reserves the right to amend or repeal all or any part of this chapter at any time, and no vested private right shall prevent such amendment or repeal. All of the rights, privileges or immunities conferred by this chapter, or by acts done pursuant thereto, shall exist subject to the power of the general assembly to amend or repeal it at any time." Sup. 1937, § 819d (b), Cum. Sup. 1939, § 1349e (a) (Rev. 1949, § 7544). So, if for no other reason, this section made the plaintiff's right to benefits at the time of his discharge subject to the contingency, which in fact occurred, that the General Assembly might amend or even repeal the law. His right was conditional. See *State ex rel. Kirby* v. *Board of Fire Commissioners,* 129 Conn. 419, 426, 29 A. 2d 452. The reservation of power to amend or repeal is ample to justify as constitutional the changes made with respect to benefit eligibility. The commissioner properly denied the plaintiff's second application. A similar conclusion has been reached in other jurisdictions. *Crossett Lumber Co.* v. *McCain,* 205 Ark. 631, 637, 170 S. W. 2d 64; *Talley* v. *Unemployment Compensation Division,* 63 Idaho 644, 649, 124 P. 2d 784; *Shelley* v. *National Carbon Co.,* 285 Ky.

502, 503, 148 S. W. 2d 686; *Moore* v. *Bureau of Unemployment Compensation,* 73 Ohio App. 362, 365, 56 N. E. 2d 520.

There is no error.

In this opinion the other judges concurred.