ROBERT B. GARDINER v. F. D. RICH CO., INC., ET AL.

SUPERIOR COURT          TOLLAND COUNTY          FILE No. 5827

Memorandum filed June 30, 1951.

■■■■■■■■■■■■■■

■■■■■■■■■■■   ■■■■■■■■■

*Eugene A. Massey,* of Hartford, for the Plaintiff.

*Moore & Epifanio,* of Stamford, for the Defendants.

SHEA, J. This plea in abatement is based upon the claim that there was and now is another action pending in the Superior Court for Fairfield County, instituted by the defendants in this action against the plaintiff and others, involving the same cause as set forth in the complaint here. The plea also alleges that the plaintiffs in the Fairfield County action seek a declaratory judgment.

The plaintiff challenges the right of the defendants to bring their action in Fairfield County and in support of this position refers to § 7215 of the General Statutes, which provides that every suit instituted under this particular section shall be brought in the county where the contract was to be performed. Here it is admitted that the contract was to be performed in Tolland County.

Courts are in agreement that the cause of action must be the same in order that the pending suit abate one subsequently commenced. The real difficulty arises in determining whether the two causes are the same, and here the authorities are not entirely harmonious. In many cases, much the same test is used in determining what is the same cause of action for the purpose of abatement that is used in determining when a matter is res adjudicata. The other requirement seems to be whether the judgment in the first, if one is rendered, would be conclusive upon the parties with respect to the matters involved in the second. In other words, if a judgment in the first action would bar the other action, then the subsequent action will abate; but if such judgment would constitute no bar to the action, there is nothing to prevent the latter action from being maintained. 1 Am. Jur. 35, § 28; 1 C. J. 66, § 83; 1 C. J. S. 69, § 42.

The rule that pendency of one action is ground to abate another between the same parties and involving the same issues is not one of unbending rigor and will not be applied when to do so would be to deprive a creditor of the use in a fair manner of any proper remedy for the collection of his debt. *Farley-Harvey Co.* v. *Madden,* 105 Conn. 679, 682. Where the plaintiff in the second action has not himself instituted the earlier proceeding, this means that the plaintiff is not to be deprived of any substantial right which the law gives him as an incident to

the determination of the issues or the direct and speedy collection of his debt. *Dettenborn* v. *Hartford-National Bank & Trust Co.*, 121 Conn. 388, 393.

The plaintiff was within his rights in bringing this action in Tolland County. The prior action instituted by the defendants against the plaintiff and others in Fairfield County involves a great many parties where the issues presented by the pleadings may be long delayed and where the plaintiff here might be deprived of the right to a direct and speedy collection of his debt.

The plea in abatement is overruled.