JOSEPH FALIS ET AL. *v.* ANDREW P. DAWSON

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 125191

Memorandum filed September 25, 1961

*Pudlin & Silver,* of New Britain, for the plaintiffs.

*Ress & Fink,* of Hartford, for the defendant.

FITZGERALD, J. The named plaintiff and four other plaintiffs have brought suit against the defendant in a joint complaint, the first count of which is referable to the stated cause of action of the named plaintiff and the remaining counts to that of each of the other plaintiffs. As appears from the officer's return, service was made on March 30, 1961.

As originally drawn, the first count referable to the named plaintiff alleges in substance that on April 17, 1960, a car owned and operated by the defendant came into collision with a car owned and operated by this plaintiff on a certain public highway of Meriden; that the cause of the collision was the negligent operation of the defendant in specified respects; and that as a result this plaintiff sustained various injuries to his person and incurred medical expenses and lost time from his employment. Damages asked thereunder are in the sum of $25,000.

The counts referable to the other plaintiffs allege their status as passengers in the car of the named plaintiff and injuries sustained. The allegations of negligence therein directed against the defendant

are identical with the first count. Damages asked by them are in varying sums.

On June 16, 1961, the named plaintiff filed a motion for permission to amend the first count referable to his cause of action by adding paragraph 10 thereto seeking additional damages for injuries to his car alleged to have been caused by the negligence of the defendant. At a short calendar session in late June, the court granted the motion and the amendment was allowed. It has been made to appear that counsel for the defendant was not present and that the court granted the motion as a matter of course in the absence of objection.

The defendant has now interposed a demurrer to the subject of the amendment on the ground that the claim therein asserted is barred by the Statute of Limitations. The applicable statute would appear to be the one-year limitation in what is now § 52-584 of the General Statutes. The filing of the motion to amend and its allowance occurred more than one year after the alleged negligence of the defendant is claimed to have resulted in injury to the property of the named plaintiff.

The first question concerns the propriety of the court in considering the demurrer at all. Section 102 of the Practice Book specifies, among other things, that the Statute of Limitations should be pleaded specially if relied upon as a defense. Counsel for the named plaintiff in argument stated for the record that any technicality in regard to a consideration by the court of the demurrer is agreed to be waived. This may be done notwithstanding the rules of pleading. *Boardman* v. *Burlingame,* 123 Conn. 646, 648; *Sharkey* v. *Skilton,* 83 Conn. 503, 510; see *Vilcinskas* v. *Sears, Roebuck & Co.,* 144 Conn. 170, 171. Hence, the interposed demurrer will be considered in testing the subject of the amendment.

There is no question that the named plaintiff at the outset could have alleged injuries to his car and sought a recovery for such in addition to personal injuries and other resulting consequences alleged by him in the first count as originally drawn. General Statutes § 52-97 (2), (7); *Gallo* v. *G. Fox & Co.,* 148 Conn. 327, 330; *Veits* v. *Hartford,* 134 Conn. 428, 434. By the amendment, he is now seeking additional damages for a cause of action which arose outside of the one-year period of limitation. "It would seem that this statute [§ 52-584] makes it perfectly plain that the one-year period of limitation starts to run at the date when the defendant negligently does the act which results in damage to the plaintiff. Wright, Conn. Law of Torts, § 178. It has been so held by the United States Court of Appeals for the second circuit. *Dincher* v. *Marlin Firearms Co.,* 198 F.2d 821, 822." *Vilcinskas* v. *Sears, Roebuck & Co.,* supra, 172.

In 62 A.L.R.2d 977 there appears an extensive note dealing with situations concerning simultaneous injury to person and property. There is respectable authority for the proposition that "conduct which simultaneously causes harm to the person and property of one individual vests in that individual two separate and distinct causes of action." Id., 1001 § 9. Among the cases there cited, particular attention is directed to the discussion in *Ochs* v. *Public Service Ry. Co.,* 81 N.J.L. 661; *Reilly* v. *Sicilian Asphalt Paving Co.,* 170 N.Y. 40; and the English case of *Brunsden* v. *Humphrey,* 14 Q.B.D. 141; see also 62 A.L.R.2d 1002 § 10 [a].

Aside from the cases and references just cited, the position of the demurring defendant is deemed to be further advantaged by the fact that the subject of the amendment to the first count of the named plaintiff, standing alone, injects for the first time a separate cause of action and of damages, sought to

be asserted after the expiration of the statutory limitation of one year. "One purpose [of statutes of limitation] is to prevent the unexpected enforcement of stale claims concerning which the persons interested have been thrown off their guard by want of prosecution." *Vilcinskas* v. *Sears, Roebuck & Co.,* supra, 174.

The defendant's demurrer to the subject of paragraph 10 of the first count of the complaint, added by amendment thereto allowed on June 30, 1961, is sustained.