Herbert J. Bransfield *v.* Goodrich Tire Company
et al.

Appellate Division of the Circuit Court

File No. CV 14-611-83

Argued August 18, 1961—decided March 9, 1962

*Francis J. Donahue,* of West Hartford, for the appellant (plaintiff).

*Harry Tulin, Theodore B. Epstein* and *Everett F. Fink,* of Hartford, for the appellees (defendants).

MARTIN, J. This action was originally brought on November 28, 1960, by the plaintiff to recover for automobile property damage. Suit was brought against the defendants by counsel for the plaintiff, Levine and Katz. The pleadings were closed and the case claimed for the trial list on February 9, 1961. The case went off the trial list on February 27, 1961, with the privilege of recall. On March 3, 1961, another appearance was entered for the plaintiff by attorneys Kuehn and Donahue. On the same date, these attorneys also filed two motions; one a motion to amend the complaint by adding thereto a claim by the plaintiff for personal injuries occurring on December 11, 1959, the date when the property damage occurred; and the other, a motion to transfer the case to the Court of Common Pleas because the ad damnum claimed for the personal injuries was beyond the jurisdiction of the Circuit Court.

We are compelled to note that the appearance filed by attorneys Kuehn and Donahue and the two

motions were not filed until after the expiration of the one-year period provided by the Statute of Limitations for the commencement of causes of action based on negligence. General Statutes § 52-584. And, even though it was not argued orally or in the brief, the attempted insertion into the pending case of a new cause of action would be barred by the Statute of Limitations. *Falis* v. *Dawson,* 22 Conn. Sup. 472.

On April 28, 1961, a withdrawal of action was filed, signed by all counsel of record except the firm of Kuehn and Donahue. On May 1, 1961, the motions filed by Kuehn and Donahue on March 3, 1961, were heard on the short calendar, after several previous continuances. The court ruled in a memorandum of decision that the cause of action had been validly and properly withdrawn and that no action remained pending before said court. This was followed by an appeal to the Appellate Division by Kuehn and Donahue on behalf of the plaintiff. The appeal asserts that the court erred "in deciding that the action had been validly withdrawn as a result of the filing of withdrawal signed by all counsel excepting the firm of Kuehn and Donahue, who had filed a late appearance on behalf of the plaintiff."

"Error cannot be predicated on an expression of opinion contained in a memorandum of decision as to the facts or the law of the cause, unless such memorandum be made a part of the finding on appeal." *Coleman* v. *Bent,* 100 Conn. 527, 529. The memorandum of decision is not a finding of facts and cannot be used as a substitute for it. *Shannon* v. *Mereness,* 89 Conn. 284, 285; *Lippitt* v. *Bidwell,* 87 Conn. 608, 615; *Cary* v. *Phoenix Ins. Co.,* 83 Conn. 690, 697. The memorandum of decision in the instant case is, of course, a part of the record on appeal. Cir. Ct. Rule 7.30.1. It was not, however, formulated in the form of a finding of facts in ac-

cordance with Rules 7.30.2 and 7.22.1. No request was made for a finding in the instant case, and the trial court has made none.

The decision of the Supreme Court of Errors in *Lusas* v. *St. Patrick's Roman Catholic Church Corporation,* 123 Conn. 166, does not support the claims of appellant.

There is no error.

In this opinion DANNEHY and REYNOLDS, Js., concurred.