HENRY W. GROTH ET AL. *v.* JANET P. REDMOND ET AL., EXECUTRICES (ESTATE OF FRANKLIN S. JEROME)

SUPERIOR COURT        LITCHFIELD COUNTY        FILE NO. 16780

Memorandum filed March 14, 1962

*Pullman, Comley, Bradley & Reeves,* of Bridge-port, for the plaintiffs.

*William A. Phillips,* of New Haven, specially for the defendants.

MEYERS, J. The parties are in agreement that at the time of the institution of the instant action by writ dated November 21, 1961, and made returnable to this court on December 5, 1961, there was then pending in the same court another action, virtually alike, between the same parties as the parties hereto and for the same cause as is set forth in the complaint in this action.

The third paragraph of the plaintiffs' answer to the defendants' plea in abatement, which answer has been demurred to by the defendants, declares that their prior action could fail for the reason, though this is not conceded, that these plaintiffs did not file claims with the defendant executrices as is in law required. The uncertainty as to the law relative to the propriety of certain substitutes or equivalents of the actual filing of claims, together with a desire to safeguard the plaintiffs' rights, is offered as the motivation for the filing of claims in accordance with the statutory provisions in behalf of the plaintiffs with these fiduciaries in April of 1961, subsequent to the commencement of the prior action. The claims were disallowed in July of 1961, and the bringing of this action followed as indicated. In the answer which is challenged, the plaintiffs claim that the present action is necessary and proper because of the chance that they might not succeed in the prior action. The position there taken was that, as to some matters alleged in their complaint, there was no need to actually file claims

with the defendants, executrices of the estate of Franklin Starr Jerome. Further, the answer to the plea in abatement alleges compliance with the law as to other allegations which did require the antecedent filing of such claims.

The defendants' demurrer to the plaintiffs' answer challenges the sufficiency in law of the allegations in the answer which attempt to justify the bringing of this second action.

It is a well-settled principle that the pendency of a prior action, in a court of competent jurisdiction within our state, between the same parties and involving like subject matter and a similar cause of action is, at common law, good reason to abate an action. *Cole* v. *Associated Construction Co.*, 141 Conn. 49, 56; *Brochin* v. *Connecticut Importing Co.*, 137 Conn. 350, 352; *Dettenborn* v. *Hartford-National Bank & Trust Co.*, 121 Conn. 388, 392; *Cahill* v. *Cahill*, 76 Conn. 542, 547; *Welles* v. *Rhodes*, 59 Conn. 498, 503; *Prosser* v. *Chapman*, 29 Conn. 515, 520; *Hatch* v. *Spofford*, 22 Conn. 485, 494; *Quinebaug Bank* v. *Tarbox*, 20 Conn. 510, 515. It has been consistently held in our cases that the basis for the rule presupposes that there cannot be a reason for bringing the second suit and therefore that it must be oppressive and vexatious and is to be abated where such an end is sought. The general rule, however, is not inflexible. Where there is no such harassment by process of law, as, for instance, by an action instituted chiefly to cause annoyance, the general rule is not to be applied. *Cole* v. *Associated Construction Co.*, supra; *National Transportation Co.* v. *Toquet*, 123 Conn. 468, 479; *Dettenborn* v. *Hartford-National Bank & Trust Co.*, supra, 393. Thus, where reason is present, such as where a plaintiff would by abatement of his later action be deprived of the use in a fair manner of any proper remedy for the collection of what is claimed to be

due him, the rigor of the law may be relaxed. He is not to so be deprived of a substantial right which the law gives him. *Dettenborn* v. *Hartford-National Bank & Trust Co.,* supra, 393, 394. The reason for the availability of numerous reported cases in situations somewhat similar to this one is aptly advanced in the first paragraph of the article, "Abatement Because of Other Action Pending," by H. Allen Barton, 2 Connecticut Bar Journal 27: "The law is to some degree obscure because the Supreme Court of Errors has rightly been more interested in deciding the particular case right than in making a clear, definite and workable rule to be applied generally."

Paraphrasing the pleading which has here been attacked by the demurrer—that is, the answer to the defendants' plea in abatement—the plaintiffs now say in effect that they sued these defendants before for the same thing but that they were then forced to hurry and either could not conform with the requirement for the filing of claims against the executrices of the Jerome estate or they did not have to file claims formally because of what they, even now, believe to be good and sufficient reasons. Because of the fear that the court may not sustain their position that presentation of the claims was unnecessary, the plaintiffs have decided to bring another suit against the defendants, the executrices, after first filing their claims with them and after the disallowance of the claims by them.

In other words, the plaintiffs' position is that only because the first lawsuit may possibly fail—and they believe that it should not, in spite of certain claims which the defendants may perhaps advance— the second or instant cause should not be abated. If this position were to be sustained, the end of such multiple litigation, "simul et semel," between the same parties for the same cause could not be foreseen. To follow the plaintiffs' rationale would

be to justify oppressiveness through vexatious and harassing litigation without visible limitation.

It is not for this court here and now to try to a conclusion the question whether the first action has been properly instituted and will remain. Alone decisive of the instant demurrer is the legal sufficiency of the answer, which seeks to justify the relaxing of the rigor of the general rule hereinbefore discussed. The question is: Are the reasons advanced in the plaintiffs' answer to the defendants' plea in abatement such as to excuse the application of the general rule? It is thought not. Here there can be no determination of the question through an inquiry as to whether the prior suit is capable of being prosecuted successfully if it is resisted by the defendants. No account of the puissance of the former action, or want of it, should here be taken. *Jernigan* v. *Rainer Mercantile Co.*, 211 Ala. 220, 221.

It is true that our own highest court has stated that "where it appears that the first action would be ineffectual, its pendency shall not abate the second; because the latter is not in such case deemed [to be] vexatious." *Quinebaug Bank* v. *Tarbox,* 20 Conn. 510, 515. In the cited case, however there was an admitted inability to raise a question of law in the first writ of error and an abandonment of that writ. It is otherwise here. It cannot be unequivocally foretold that the first action is defective. There is no clear admission by these plaintiffs, without reservation, of a defect in the first action, but instead, a stated conviction to the contrary. Further, the nature of the defense to the first action, though in part alluded to by the plaintiffs, has not yet been disclosed by the defendants.

It is further to be observed that a determination that the answer to the plea in abatement is insufficient would not be contrary to the decisions of

our Supreme Court wherein abatement of second suits on the ground of burden and further vexation to a defendant, by reason of multiplicity of suits, was denied. Our court, for example, has refused to abate the second action when a plaintiff would lose the advantage gained therein by attachment, garnishment or similar process. *Brochin* v. *Connecticut Importing Co.*, supra, 352, 353; *Dettenborn* v. *Hartford-National Bank & Trust Co.*, supra, 393; *Farley-Harvey Co.* v. *Madden,* 105 Conn. 679, 682, 683; note, 40 A.L.R.2d 1111. In the abatement of the instant action, these plaintiffs do not stand to lose any such advantage of process.

For the reasons stated, the court is compelled to conclude that the answer of the plaintiffs to the plea in abatement is insufficient in law to justify their claim of the inapplicability of the general rule to their situation. The answer does not justify the right to maintain a second and like action between the same parties for the same cause.

Both in the oral arguments and in communications intended as supplements to the briefs, counsel have made some mention of the consolidation or treatment of the two actions as companion cases, but only under certain circumstances and conditions. Plaintiffs' counsel, during the arguments, questioned such a disposition. No motion therefor has since been made; no change was pronounced relative to the plaintiffs' original position, namely, that both actions should continue to exist as they are; and even now, the plaintiffs abstain from abandoning this position. The causes included in the citations called to the attention of the court in the correspondence referred to above did not involve actions which were subjected to specific attack, as was this one. *Rode* v. *Adley Express Co.*, 130 Conn. 274; *Yardley* v. *Rutland R. Co.*, 103 Vt. 182; *Hagerty* v. *Administrator,* 137 Conn. 129. Legal rights

inuring to the benefit of the present defendants should neither be encircled nor rendered sterile.

The instant demurrer to the plaintiffs' answer to the defendants' plea in abatement is sustained.