HENRY W. GROTH ET AL. *v.* JANET P. REDMOND ET AL., EXECUTRICES (ESTATE OF FRANKLIN S. JEROME)

SUPERIOR COURT  LITCHFIELD COUNTY  FILE No. 16780

Memorandum filed April 21, 1962

*Pullman, Comley, Bradley & Reeves,* of Bridgeport, for the plaintiffs.

*William A. Phillips,* of New Haven, specially for the defendants.

MACDONALD, J.  By memorandum of decision dated March 14, 1962, Judge Meyers sustained defendants' demurrer to plaintiffs' answer to defend-

ants' "Plea in Abatement," thereby, in effect, abating plaintiffs' cause of action in this case on the ground, substantially, that there was then pending in this court another action (No. 16445) between the same parties and for the same cause as set forth in this action.[1] This court is in complete agreement with that decision and considers what is about to be ordered here entirely consistent therewith.

The plaintiffs' answer to plea in abatement dated April 6, 1962, differs substantially from that considered by Judge Meyers and introduces an entirely new element which does away with many of the grounds for that decision—namely the harassment of defendants by repeated oppressive and vexatious suits. This new element is plaintiffs' motion to consolidate the two actions, this one and No. 16445. Such a possibility was broadly hinted by Judge Meyers in his memorandum and presents a new matter for consideration by the court. Accordingly, defendants' motion to expunge (1) the answer and (2) the motion to consolidate is denied.

With reference to plaintiffs' motion to consolidate these two closely related actions, No. 16780 and No. 16445, there seems little doubt as to the court's power to do so if it sees fit. In *Rode* v. *Adley Express Co.*, 130 Conn. 274, 277, our Supreme Court has said: " 'Independent of statutory authority, courts of general jurisdiction have inherent power to consolidate different causes, or order them tried together, when the circumstances authorize such

---

[1] See *Groth* v. *Redmond*, 23 Conn. Sup. 308 (March 14, 1962). For other litigation with respect to the Matthies and Jerome estates, see *Boies* v. *Matthies*, 23 Conn. Sup. 168 (June 14, 1960), and *Redmond* v. *Matthies*, 149 Conn. 423 (April 17, 1962). Publication of the present decision and the next herein reported was determined upon in order to complete the picture.

course; and unless otherwise provided by statute, questions respecting such procedure are addressed to the discretion of the trial court, and its action will not be revised unless an abuse of discretion clearly appears.' *Yardley* v. *Rutland R. Co.,* 103 Vt. 182, 185 . . . . While there appears to be no Connecticut case directly in point, this is the general rule. . . . As is pointed out in *Dettenborn* v. *Hartford National Bank & Trust Co.,* 121 Conn. 388, 392 . . . , 'the public has an interest in the prevention of unnecessary litigation, both because of the burden it places on the State and the resulting crowding of the dockets of the courts.' This procedure of trying cases together, which has long been the established practice in this state, assists in expediting business without doing anyone an injustice. Section . . . [52-104 of the General Statutes] approves this policy by providing for the consolidation of actions arising out of the same transaction."

It appears to the court that much time, effort and expense on the part of all concerned would be spared by having these two cases actually combined into one by having plaintiffs file in No. 16445 a second count to the substituted complaint filed therein on this date in which they could incorporate by reference most of the detailed allegations of that voluminous document and simply add, as a new basis of claim, those additional matters which were alleged in the complaint in No. 16780 and which they claim are necessary, in addition to the claims made in No. 16445, to fully protect the interests of the plaintiffs. This would in no way forestall defendants from invoking any defenses they could have relied upon in the separate actions, nor would any "legal rights inuring to the benefit of the . . . defendants . . . be encircled nor rendered sterile." *Groth* v. *Redmond,* 23 Conn. Sup. 308, 313.

With the recommendation of following something along the order of procedure suggested above and in the hope of simplifying and condensing into one trial the many issues between these same parties, the plaintiffs' motion to consolidate is granted.