LAWRENCE DiPIRO *v.* JAMES CHAPIN

SUPERIOR COURT    NEW HAVEN COUNTY    FILE No. 89953
AT NEW HAVEN

Memorandum filed February 5, 1963

*Joseph N. Perelmutter,* of Seymour, and *John F. Androski,* of Ansonia, for the plaintiff.

*Reilly & Peck,* of New Haven, for the defendant.

FITZGERALD, J. By service of process on February 27, 1959, the plaintiff initially instituted suit against the defendant to recover damages for personal injuries alleged to have been caused him on or about April 6, 1958, as the result of the negligent operation by the defendant of his car in striking a car owned and operated by the plaintiff along a certain highway in Connecticut. Issue was joined by the filing of the defendant's answer on September 18, 1959. On November 26, 1962, the plaintiff filed a motion for permission to amend his complaint by adding thereto three additional paragraphs. The court *(Leipner, J.)* on December 7, 1962, allowed two of the three proposed paragraphs to be added to the original complaint, and the amendments were filed by the plaintiff on December 11, 1962, as paragraphs 9 and 10. The first of such paragraphs was an amplification of injuries sustained, and the second relates to a claim for property damage not previously included in the complaint as first drawn. On December 14, 1962,

the defendant filed a motion to correct certain prefatory words preceding the amendments by having them expunged. Before any hearing was had on the latter motion, the plaintiff filed a substituted complaint comprising nine paragraphs on December 17, 1962, which embraces all paragraphs included in the original complaint and the subject of the two additional paragraphs allowed previously on motion. This has been productive of the defendant's demurrer, directed to the subject of paragraph 9 thereof. The ground of demurrer recited is "because (notwithstanding the permission to file granted by the court) no claim for property damage was brought within the time prescribed by Section 52-584 of the General Statutes and it so appears of record."

Paragraph 9 of the substituted complaint is identical with the paragraph 10 allowed to be added by amendment to the original complaint. It alleges in effect that the plaintiff's car as a result of the defendant's negligence was demolished and that the plaintiff sustained a loss in its value as well as incurring towing and storage bills. As noted in the earlier statement, this precise claim for damages was not included in the original complaint. Such inclusion came about by the plaintiff's motion to amend filed on November 26, 1962, and granted on December 7, 1962. So the inclusion was permitted more than four and one-half years after the episode giving rise to this added claim for damages.

What was said by the trial court in *Falis* v. *Dawson*, 22 Conn. Sup. 472, 474 (1961), applies to the scope of the interposed demurrer at bar and to the cause of action for property damage injected long after the expiration of the statutory limitation of one year. Reference is made to the entire discussion in that memorandum and to the cases and sources cited therein. See, also, the opinion of the Appellate

Division of the Circuit Court in *Bransfield* v. *Goodrich Tire Co.*, 23 Conn. Sup. 365, 367 (1962), concerning the impropriety of attempting to insert into a pending case a new cause of action barred by the Statute of Limitations. In that case, the original action was brought by the plaintiff to recover for property damage, and the proposed subsequent amendment sought to add a claim by the plaintiff for personal injuries occurring on the date when the property damage occurred. In the case at bar, and in the *Falis* case, supra, the situation is in reverse, but the principle involved is the same.

Granting that § 102 of the Practice Book provides that the Statute of Limitations and other specified defenses must be specially pleaded if relied upon as a defense, nevertheless, if the time limited by law for the commencement of the particular cause of action has expired, it has been held permissible for a defendant to raise the question by demurrer. *Radezky* v. *Sargent & Co.*, 77 Conn. 110, 114; see *Vilcinskas* v. *Sears, Roebuck & Co.*, 144 Conn. 170, 171-173; compare cases such as *DiBlasi* v. *DiBlasi*, 114 Conn. 539, 542, in which it was held that the defense of the Statute of Frauds may be raised by demurrer under appropriate circumstances disclosed by the pleadings. That the substituted complaint in the case at bar states two causes of action, the second of which was inserted long after it was barred by the Statute of Limitations, subjects that particular cause of action to the fatal thrust of the interposed demurrer. That counsel for the plaintiff in the *Falis* case agreed to waive any technicality in regard to a consideration by the court of the merits of the demurrer interposed in that case does not affect the application of the result obtained upon the ruling on that demurrer. This is because the court, in the absence of such waiver, was not bound to follow § 102 of the

Practice Book, which on its face would have it appear that the Statute of Limitations must be pleaded specially if relied upon as a defense by a defendant. Stated more directly, the court in the absence of such waiver by the plaintiff in that case, could still have passed upon the merits of that demurrer. *Radezky* v. *Sargent & Co.,* supra. It does so in the present instance.

The defendant's demurrer, addressed to the subject matter of paragraph 9 of the plaintiff's substituted complaint, is sustained.