JOHN KEOGH, JR., ET AL. *v.* KATHERINE VON LIENEN

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 1-618-5874

Argued April 8—decided June 18, 1963

*Alfred W. Burkhart,* of Norwalk, for the appellant (plaintiff).

*Sidney Vogel,* of Norwalk, for the appellee (defendant).

KINMONTH, J. The parties are in agreement that at the time of the institution of the instant action by writ dated August 3, 1961, and made returnable to this court on the fourth Tuesday of August, 1961, there was then pending in the Superior Court in Fairfield County another action between the same parties for an accounting. This appeal raises the basic issue whether this action shall abate on the ground that it raises the same issues as the prior action in the Superior Court.

The pertinent facts can be stated briefly as follows: In 1958, the plaintiff instituted an action against the defendant in the Superior Court for an accounting. On or about February 14, 1961, the case was reached for trial, and the defendant made an offer to compromise the action for $950, which offer was accepted by the plaintiff. The offer and acceptance were reported to the judge of the Superior Court and the case went off the assignment list. The defendant refused or neglected to make the agreed payment and the present suit was brought on the oral contract of settlement for $950.

"It is a well-settled principle that the pendency of a prior action, in a court of competent jurisdiction within our state, between the same parties and involving like subject matter and a similar cause of action is, at common law, good reason to abate an action. . . . It has been consistently held in our cases that the basis for the rule presupposes that there cannot be a reason for bringing the second suit and therefore that it must be oppressive and vexatious and is to be abated where such an end is sought. The general rule, however, is not inflexible. Where there is no such harassment by process of law, . . . the general rule is not to be applied. . . . Thus, where a reason is present, such as where a plaintiff would by abatement of his later action be deprived of the use in a fair manner of any proper remedy for the collection of what is claimed to be due him, the rigor of the law may be relaxed. He is not to so be deprived of a substantial right which the law gives him." *Groth* v. *Redmond*, 23 Conn. Sup. 308, 310; *Cole* v. *Associated Construction Co.*, 141 Conn. 49, 56; *Brochin* v. *Connecticut Importing Co.*, 137 Conn. 350, 352; *Dettenborn* v. *Hartford-National Bank & Trust Co.*, 121 Conn. 388, 392; *Cahill* v. *Cahill*, 76 Conn. 542, 547; *Welles* v. *Rhodes*, 59 Conn. 498, 503; *Hatch* v. *Spofford*, 22 Conn. 485,

494; *Gardiner* v. *F. D. Rich Co.*, 17 Conn. Sup. 296, 297; *Lieberman* v. *Owens,* 16 Conn. Sup. 114, 115.

The real difficulty arises in determining whether the two causes are the same, and here the authorities are not entirely harmonious. The law is to some degree obscure and there is no clear, definite and workable rule to be applied generally. The tests applied in the cases cited above are not applicable to the instant case.

The present action is on an oral contract, based on an offer by the defendant and accepted by the plaintiff, of a specified sum in settlement of an unliquidated claim. There was adequate consideration for this oral contract. Even though the parties are the same, the two actions are not founded on the same facts or cause of action. The issues in the present case could not be determined in the prior case. For the reason that the causes of action are not the same, the pendency of a prior action ordinarily is not ground for abating a subsequent action on a cause which, although concerning the same subject matter, has accrued after the commencement of the prior action. *Sherman* v. *Werby,* 280 Mass. 157; 1 C.J.S. 86, Abatement and Revival, § 55.

While the law is careful to screen the defendant from oppression and vexation, it is equally impartial and open to the plaintiff, and even indulgent, in permiting him, a creditor, to seek redress by pursuing several remedies at the same time, if this is found to be reasonable and necessary. *Farley-Harvey Co.* v. *Madden,* 105 Conn. 679, 682; *Hatch* v. *Spofford,* supra. Concurrent or cumulative remedies do not conflict so as to be pleadable in abatement, although a recovery and satisfaction in one case may operate as a bar to the other. 1 Am. Jur. 35,

Abatement, Survival, and Revival, § 27; see 1 Am. Jur. 2d, Abatement, Survival, and Revival, § 31.

The present action is not for the same cause of action as was alleged in the prior action, and the court erred in sustaining the plea in abatement.

There is error, the judgment is set aside and the case is remanded with direction to overrule the plea in abatement and then proceed according to law.

In this opinion DEARINGTON and LEVINE, Js., concurred.