## The Tuition Plan, Inc. *v.* Mary Muskus

### Appellate Division of the Circuit Court

File No. CV 1-711-32254

Argued May 3—decided May 28, 1971

*Ira B. Charmoy,* of Bridgeport, for the appellant (plaintiff).

*Kevin Tierney,* of Greenwich, for the appellee (defendant).

DiCenzo, J. At the outset, it is well to point out that appeals to the appellate session of the Circuit Court must come from a final judgment or final action of the Circuit Court. General Statutes § 51-265; see Katz, "Circuit Court Appellate Procedure" § 8 cc, p. 175, in Maltbie, Conn. App. Proc. (Sup. 1968). In the instant case the record fails to disclose that a judgment was rendered on the sustaining of the plea in abatement. In view, however, of the tortuous path the plaintiff has been following in pursuing its claim, we consider the appeal.

For a clear understanding of the history and chronology of the actions taken, it is necessary to set forth the contents of the file and record of *The Tuition Plan, Inc.* v. *Mary Muskus,* Circuit Court, First Cir., No. CV 1-711-32195. A court may take

judicial notice of the files and records in another suit formerly pending in that court between the parties. Holden & Daly, Conn. Evidence § 25, p. 46. The first writ, dated November 2, 1970, was returnable to the Circuit Court on the first Tuesday of January, 1971. It was served on the defendant and the garnishee on December 30, 1970. The docket entry sheet shows that the writ was returned on January 4, 1971, and the entry fee paid. The defendant filed a plea in abatement on January 6, 1971, setting forth several reasons for the plea, and she claimed it for a short calendar hearing on January 10, 1971. The file discloses that a withdrawal of this action was signed by the plaintiff's attorney and stamped by the clerk's office as of January 11, 1971. The withdrawal form also bears a clerk's stamp date of January 25, 1971. Included in the file is another withdrawal form, for the same action, bearing the clerk's office stamp of January 12, 1971. The docket entry sheet is marked "1/12/71 Withdrawn."

On January 11, 1971, the plaintiff commenced the instant action, returnable on the second Tuesday of February, 1971. This action was served on the defendant and garnishee on January 11, 1971. The writ was returned to court on January 15, 1971, and the entry fee paid. To this writ, on February 8, 1971, the defendant filed a plea in abatement admitting that the service and garnishment were made on January 11, 1971, but asserting that the first action of December, 1970, was not withdrawn prior to the commencement of the instant action.

The clerk's entry, "1/12/71 Withdrawn," on the docket entry sheet, was clearly an error in view of the handwritten withdrawal slip filed by the plaintiff on January 11, 1971, and stamped by the clerk January 11, 1971. In these circumstances, the conclusion is inescapable that the second action was

commenced on the same day that the first action was withdrawn. This is an everyday practice not prohibited by law.

"It is a well-settled principle that the pendency of a prior action, in a court of competent jurisdiction within our state, between the same parties and involving like subject matter and a similar cause of action is, at common law, good reason to abate an action. . . . The general rule, however, is not inflexible. Where there is no such harassment by process of law, . . . the general rule is not to be applied. . . . Thus, where a reason is present, such as where a plaintiff would by abatement of his later action be deprived of the use in a fair manner of any proper remedy for the collection of what is claimed to be due him, the rigor of the law may be relaxed. He is not to so be deprived of a substantial right which the law gives him." *Groth* v. *Redmond,* 23 Conn. Sup. 308, 310; *Keogh* v. *Von Lienen,* 2 Conn. Cir. Ct. 96, 97, and cases cited. In *Hatch* v. *Spofford,* 22 Conn. 485, 494–95, the theory of abatement was carefully analyzed: "The rule . . . is not a rule of unbending rigor, nor of universal application, nor a principle of absolute law,—it is rather a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction. It should be remembered, that a dilatory plea is not like a plea of payment, or satisfaction, or of something in bar of the merits of the claim; then it would find more favor; but its object is to cause postponement and delay,—and the language of the plea is, the proceeding is unnecessary and vexatious, and should be abated. It is obvious then, a second suit is not, of course, to be abated and dismissed as vexatious, but all the attending circumstances are to be first carefully considered, and the true question will be, what is the aim of the plaintiff? Is it fair and just,

or is it oppressive? . . . If the plaintiff, by a second suit, can place his claim in a more favorable condition for obtaining redress, why should he not be permitted to do it?"

In *Salem Park, Inc.* v. *Salem,* 149 Conn. 141, where a plea in abatement was sustained by the Superior Court on the ground that the action raised the same issues as another action which was instituted earlier, was tried, went to judgment and was on appeal to the Supreme Court, it was stated (p. 144): "Rules of pleading are not made for the purpose of tripping up the unknowing or unwary. They are designed to clarify and fix the issues and to confine the judicial inquiry necessary to decide the issues within reasonable and relevant limits." The sustaining of the plea in abatement was reversed.

"Both at common law and under the codes and practice acts, pleas in abatement and dilatory pleas generally, although permitted, have been regarded with disfavor; the courts consistently maintain this attitude of hostility toward such pleas. This disfavor rests upon the basis of their nonmeritorious character, raising, as they do, issues turning upon formal and procedural matters, to the exclusion of the very right and truth of the cause of action . . . ." 1 C.J.S. 31, Abatement and Revival, § 3.

There is error, and the case is remanded with direction to overrule the plea in abatement and then proceed according to law.

In this opinion DEARINGTON and CASALE, Js., concurred.