THE AVON OLD FARMS SCHOOL, INC., ET AL. *v.* TIMBER STRUCTURES, INC., ET AL.

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 188012

Memorandum filed October 18, 1974

*Robinson, Robinson & Cole,* of Hartford, for the plaintiffs.

*Cooney, Scully & Dowling,* of Hartford, for the defendant SMS Architects.

SANTANIELLO, J. In this action the defendant SMS Architects, hereinafter called the defendant, filed a plea in abatement on May 20, 1974, wherein it was alleged that the same plaintiff as in this case, on or about February 14, 1972, brought an action in this court against the defendant and others, which case is presently pending before this court. The defendant alleges that the other action is of the same character as this one and that the facts in the prior case were in substance identical except for the fact that this case adds an incident arising at a date later than the incident alleged in the other action, but prior to the institution of that action. Finally, the defendant alleges that this particular case contains each and every allegation made in the prior matter, including one count to which a demurrer in the prior matter was sustained.

To this plea in abatement the plaintiff filed a demurrer alleging that, so far as the plea in abatement purports to state the defense of another action pending, the defendant by filing a general appearance had waived its right to raise the plea. The issue before this court is, Can a party appear generally and then file a plea in abatement because of another action pending?

It is a well-recognized rule in Connecticut that a second suit in a court of the same jurisdiction is to be abated when the first action is pending. *Groth* v. *Redmond,* 23 Conn. Sup. 308. In *Hatch* v. *Spofford,* 22 Conn. 485, 495, the Supreme Court stated: "The only certain rule on this subject, which we find, is, where the parties are the same and the second suit is for the same matter, cause and thing, or the same object is to be attained, as in the first suit and in the same jurisdiction, the second shall abate and be dismissed." The basic rationale for this rule is that "there cannot be any reason or necessity for bring-

ing the second action and therefore it must be oppressive and vexatious." *Cole* v. *Associated Construction Co.,* 141 Conn. 49, 56.

A general appearance by the defendant waives defects in personal, but not in subject matter, jurisdiction. *Beardsley* v. *Beardsley,* 144 Conn. 725; *Savings Bank of Danbury* v. *Downs,* 74 Conn. 87.

The real question before this court is whether the pendency of another action is an in personam jurisdictional defect or one of subject matter. A second suit, when repetitious of the allegations and claims in a prior suit, becomes unnecessary and vexatious, not only as to the defendant or defendants in the second suit but also as to the state in general. The second suit, if it is in the same jurisdiction, between the same parties, and for the same end or object, is objectionable to the state, and the defect cannot be waived by one of the parties. The Supreme Court of Connecticut has pointed to "an increased appreciation of the fact that the public has an interest in the prevention of unnecessary litigation, both because of the burden it places on the State and the resulting crowding of the dockets of the courts." *Dettenborn* v. *Hartford National Bank & Trust Co.,* 121 Conn. 388, 392. If by abatement of a second action a plaintiff were to be deprived of the use in a fair manner of any proper remedy for the collection of what is claimed to be due him, the rigor of the law may be relaxed. The plaintiff is not to be deprived of a substantial right which the law gives him. *Groth* v. *Redmond,* supra.

Since the question of pendency of a second action is in essence one of subject matter, the right of the defendant to file a plea in abatement is not to be defeated by virtue of the fact that it has filed a general appearance which waives defects in personam jurisdiction.

For these reasons, the demurrer of the plaintiff to the defendant's plea in abatement is hereby overruled.