[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
Preliminarily, plaintiff's counsel raises the issue as to the propriety of a Motion to Dismiss as filed herein by the defendant as opposed to a Motion to Strike. It appears that the issues of standing and the pendency of a prior action requiring abatement of CT Page 577 the second action may be raised by a Motion to Dismiss as was demonstrated in Henry F. Raab Connecticut Inc. v. J. W. Fisher Co.,183 Conn. 108, 112 and Beaudoin v. Town Oil Co., 207 Conn. 575,583.
Defendant raises the issue of standing claiming that the plaintiff has brought a prior action claiming damages and that the present action is of no consequence unless the prior action concludes with a defendants' judgment and if the plaintiff recovers in the prior action he will have sustained no loss. Thus rendering this action premature in terms of an actual present loss. As noted by Justice Peters in Maloney v. Pac, 183 Conn. 313,320 "Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights." Standing can exist when a complainant makes a colorable claim of direct injury he has suffered or is likely to suffer. In this matter the plaintiff alleges misrepresentation and unfair and deceitful practices to his loss on the part of the defendant while the prior suit is based upon common law negligence. Since the plaintiff with these allegations appears to have suffered injury by incurring counsel fees as well as other damages and these losses reasonably will continue it would appear that a colorable claim of injury has been sufficiently established to confer standing.
As to defendants' claim that the pendency of this prior action should abate this action for the reasons stated, the court is not persuaded nor does it so conclude.
 "The mere fact that an action is pending between the parties which has, or may have, some relationship to a second action is not in itself grounds to abate this second action. The law is to some degree obscure and there is no clear definite and workable rule to be applied generally. A factor to be considered is whether a judgment in one action would operate as a bar to the second, but this test alone is not determinative." Stephenson Conn. Civ. Pract. 2nd Ed. Sec. 104(b) p. 423.
 "The pendency of a prior suit of the same characteristics, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious."
This is a rule of justice and equity, generally applicable and always, whenever the two suits are virtually alike, and is the same jurisdiction. Hatch v. Spofford, 22 Conn. 485, 494. "The CT Page 578 rule forbidding the second action is not, however one of unbending rigor, nor of universal application, nor a principle of absolute law." Henry F. Raad Connecticut, Inc. v. J. W. Fisher Co.,183 Conn. 108, 113.
One test to determine whether the second action should abate is whether the relief sought is fully covered by and obtainable in the pending action. See Roessler v. Connecticut National Bank,34 Conn. Sup. 136, 139.
The court has already noted the several different claims of relief which the plaintiff advances in this second suit which are not included in the prior suit and the second suit may not abated if the plaintiff would be deprived of any substantial right. Avon Old Farms School Inc. v. Timber Structures Inc., 31 Conn. Sup. 223,225.
Based upon the foregoing the Motion to Dismiss is denied.
GEORGE W. RIPLEY, JUDGE