[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO CONSOLIDATE
On January 25, 1993, the plaintiffs, Cheryl Clarke and Jerry Clarke, filed the present action against the defendant, Kathleen Ochart. The present action arises out of a traffic accident which occurred on March 3, 1991, on the east-bound lane of Interstate 95 located in Greenwich, Connecticut. The plaintiffs allege in their complaint that the defendant negligently struck a vehicle, in which the plaintiff, Cheryl Clarke, was a passenger. The plaintiff, Cheryl Clarke, suffered personal injuries as a result of the alleged accident. The plaintiff, Jerry Clarke, alleges that he has suffered damages for loss of spousal consortium as a result of his wife's injuries.
The plaintiffs filed their present motion to consolidate actions, dated March 12, 1993. The plaintiffs seek to consolidate the present action with a prior action filed by the plaintiffs, Clarke v. Kyttle, Superior Court, judicial district for Middlesex, No. 60792, involving a previous traffic accident which occurred on June 1, 1989, where the plaintiff, Cheryl Clarke, suffered similar personal injuries.
On April 5, 1993, the matter was heard before Judge Higgins at short calendar.
"Whenever there are two or more separate actions which should be tried together, the court may, upon the motion of any party or upon its own motion, order that the action be consolidated for trial." Bank of Boston Connecticut v. Juris Associates Limited Partnership, 5 Conn. L.Rptr. 298, 299-300 (November 26, 1991, Hennessey, J.), citing Practice Book Sec. 84A. "`Independent of statutory authority, courts . . . have inherent power to consolidate different causes, or order them CT Page 3518 tried together when the circumstances authorize such course . . .'" (Citation omitted). Rode v. Adley Express Co., Inc., 130 Conn. 274, 277, 33 A.2d 329 (1943). "This procedure of trying cases together, which has long been the established practice in this state, assists in expediting business without doing anyone an injustice." Id. Whether the action arise out of the same transaction or involve identical parties are important factors in determining the propriety of the joinder or the consolidation of actions. See Groth v. Redmond,24 Conn. Sup. 467, 469, 194 A.2d 531 (Super Ct. 1962); see also General Statutes Sec. 52-104.
In the present case, the two actions involve separate transactions and different alleged tortfeasors. However, there are common elements to each of the actions. Both actions involve the same plaintiffs. Further, in both actions the plaintiffs' resulting injuries are similar in nature and location.
Even though there exist common elements as to the issue of damages between the two actions, there are many issues of law and fact which cannot be properly brought in the same action, such as, liability. Therefore, the court denies the plaintiffs' motion to consolidate actions, pursuant to Practice Book Sec. 84A, on the ground that consolidation would result in a misjoinder of the actions because the two actions arise out of separate transactions or occurrences involving different defendants.
HIGGINS, J.