[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS' REQUEST TO AMEND COMPLAINT
In this case there was a suit brought as a result of injuries allegedly suffered in an automobile accident. The case was called in for trial and after evidence began, plaintiffs' counsel sought to amend the complaint by adding a claim for future medical expenses and treatment and for property damage. The trial judge sustained the defendants' objection as to future medical expenses but permitted an amendment claiming property damages. The case was mistried, the judge then vacated his ruling as to the amendment and the trial has been continued to a date many months in the future.
The plaintiffs again request permission to amend and the defendants object. It is true that amendments to pleadings must be seasonably made. The defendant cites Beckman v.Jalich Homes, Inc., 190 Conn. 299 (1983) where an amendment was not allowed. But in that case the court noted the "case was the oldest non-jury civil case on the court's docket. The motion to amend was filed the day before the case was scheduled for trial. The proposed amendment added counts containing three new theories of legal liability," Id. page 303. After the motion was denied, the trial went forward. CT Page 2006 Here a mistrial was declared and the trial is months in the future. Counsel seeking to amend in Beckman conceded if the amendment was allowed the trial would not go forward. Here a mistrial was declared forcing continuance of the case and the mistrial had nothing to do with the amendment. In Beckman it appears counsel knowingly held back making the amendment although he had decided to do so five weeks before the trial date. Here there is no reason to think the failure to amend the complaint to include these claims was anything more than the result of mere inadvertence. Doyle v. A P Reilly Corp.,36 Conn. Sup. 126 (1980) denied an amendment because it was made five months after pretrial — the amendment sought to add a special defense and setoffs. The court did not discuss the reasons, if any, why permitting the amendment would cause undue hardship on opposing counsel nor is it clear when exactly any trial was actually scheduled.
The objection to the request to amend here does not offer any reasons why opposing counsel cannot prepare for a property damage claim in a case where the trial is months off. The 6th paragraph of the initial complaint alleges that the defendant's vehicle "violently crashed into the rear of the plaintiff's vehicle." The defendant certainly had notice of the incident. Also, the 8th and 9th paragraphs of the initial complaint alleged physical injury "likely to be permanent in nature" and pain, suffering, and mental anguish. The 9th paragraph alleges the plaintiff will "continue to suffer" this pain and anguish. It seems to the court that under the circumstances the claim for future medical expenses should come as no surprise to the defendant. Failure to include such a claim was obviously inadvertent. When considering the propriety of permitting amendments our courts have adopted the relation back doctrine which is "akin" to Federal 15(c) practice, Sharp v. Mitchell, 209 Conn. 59, 72 (1988). This doctrine is largely based on the concept of fair notice to the other side, see Federal Practice procedure, Wright, Miller, Kane (2d ed.) Vol. 6A, § 1497. Under the circumstances of this case the amendment should be permitted as to the claim for future medical expenses and treatment and the property damage claim.
The defendant opposes the property damage amendment for a separate reason. The plaintiff argues that "such a claim is a new cause of action such that it cannot be brought after the statute of limitations has run." (brief page 3). As Wright CT Page 2007 notes, the relation back doctrine was created with the purpose of avoiding some of the rigors of the statute of limitation. The defendant cites three cases for the proposition it argues,Falis v. Dawson, 22 Conn. Sup. 472 (1961), Bransfield v.Goodrich Tire Co., 23 Conn. Sup. 365 (1962), and DePiro v.Chapin, 24 Conn. Sup. 174 (1963). First it should be said that a ruling on a motion to amend should not be a vehicle to decide an issue of law. Falis and DePiro both involve decisions on demurrers after the amendment was allowed. In any event, I do not agree with Falis. It refers to an article in 62 ALR2d 977 at 9, page 1001 and adopts what the article says is clearly the minority position. It still appears to be the minority position, see the later article at 24 ALR4th 646, 650. DePiro merely cites Falis. Also, both of these cases appear at odds with the old Connecticut case of Seger v.Barkhamstead, 22 Conn. 290, 295 (1953) which appears to accept the majority view that a single act causing simultaneous injury to the persona nd property of an individual constitute a single cause of action. The Barnsfield case also cited by the defendant was a decision by the appellate division of the old circuit court. It appears to be dicta, it merely citesFalis, does not mention Seger and notes the issue was not argued orally or discussed in the briefs, 23 Conn. Sup. at page 367.
Technical reasons and reasons of fairness do not offer any grounds for the court to ignore the liberal policy as to amendments so that the amendment to the complaint is permitted.
Corradino, J.