[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: OBJECTION TO REQUEST FOR LEAVE TO FILE AMENDED COMPLAINT # 143, 146
The plaintiff, Bryant Williams, brought suit against the defendants, Richard Miclette and Tyrone Stevenson, in a complaint filed November 14, 1996, as later amended on July 7, 1999. The plaintiff alleges that the defendants negligently injured the plaintiff in a motor vehicle accident on August 7, 1996. The plaintiff was allegedly a passenger in a car driven by the defendant Stevenson which was involved in a collision with a car driven by the defendant Miclette. The defendant Stevenson filed a cross complaint on July 30, 1997, alleging that the defendant Miclette negligently caused physical injury to the defendant Stevenson during the same motor vehicle collision. On May 21, 1999, the defendant Stevenson filed a request for leave to file amended complaint and an amended cross complaint asserting a claim for property damage to his vehicle caused by the collision. On July 19, 1999, the defendant Miclette filed an objection to request for leave to file amended complaint asserting that the addition of a claim for property damage is a new cause of action CT Page 14791 that the defendant is attempting to assert beyond the two-year statute of limitations set forth in General Statutes §52-584.
As a preliminary matter, the defendants objection has been filed in an untimely manner. Practice Book § 10-60(a)(3) provides in pertinent part: "(a) . . . a party may amend his or her pleadings or other parts of the record or proceedings . . . in the following manner: . . . (3) By filing a request for leave to file such amendment, with the amendment appended, after service upon each party. . . . If no objection thereto has been filed by any party within fifteen days from the date of the filing of said request, the amendment shall be deemed to have been filed by consent of the adverse party."
The defendant Stevenson filed his request to amend the cross complaint on May 21, 1999, and the defendant Miclette filed his objection on July 19, 1999, well past fifteen days after the defendant Stevenson filed the request to amend. Thus, the amendment filed by the defendant Stevenson is deemed to have been filed by consent of the defendant Miclette and the objection is overruled.
Although the objection to the request to amend is overruled procedurally, the objection is also overruled on its substance. The defendant Miclette claims that the request for compensation for property damage is improper because it is a new cause of action filed outside of the two year statute of limitations. In the distant past, the Supreme Court of Connecticut found that personal injuries and property damage arising out of the same negligent act constitute but one cause of action. Seger v. Townof Barkhamsted, 22 Conn. 290, 295 (1853). Although courts have been split on the issue recently, the more persuasive reasoning appears in Superior Court decisions that have adopted the reasoning in Seger by allowing plaintiffs to amend their complaints and assert additional claims for property damage or personal injury, arising out of the same negligent act, without violating a statute of limitation pursuant to the relation back doctrine. See Linger v. Derusha, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 524104S, (March 13, 1995, Corradino, J.); Durand v. TMC Manufacturing.Inc., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 396077 (June 20, 1994, Mulcahy, J.);McCray v. Stimpson, Superior Court, judicial district of New Haven, Docket No. 191271 (February 20, 1986, Berdon, J.) (1 CT Page 14792 C.S.C.R. 177). But see, Bransfield v. Goodrich Tire Co.,23 Conn. Sup. 365, 183 A.2d 754 (1962) (Appellate Division of the Circuit Court); DiPiro v. Chapin, 24 Conn. Sup. 174, 188 A.2d 504 (1963);Falis v. Dawson, 22 Conn. Sup. 472, 175 A.2d 191 (1961);Lieberman v. Ownes, 16 Conn. Sup. 114 (1949).
The recent Superior Court cases also are supported by the Connecticut Supreme Court holding that "a cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitled the plaintiff to relief." Gurliacci v. Mayer, 218 Conn. 531, 547, 590 A.2d 914
(1991). Therefore, the defendant Stevenson's property damage claim is part of the same cause of action as the personal injury claim because they arise from a single group of facts. Furthermore, the statute of limitations has not run on the property damage claim because it relates back to the date of the filing of the personal injury complaint. Thus, the defendant Miclette's objection is overruled both procedurally and substantively.
By the Court
Gill, J.