VIRGINIA PENFIELD *v.* HENRY HEARING ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, JS.

Argued May 7, 1942—decided June 10, 1942.

*DeLancey Pelgrift,* for the appellants (defendants).

*Warren Maxwell,* for the appellee (plaintiff).

AVERY, J. This was a negligence action arising out of a collision between two motor vehicles at the intersection of Commerce and State Streets in the city of Hartford. The case was tried to the jury and a verdict recovered by the plaintiff. The only question involved upon this appeal relates to certain parts of the charge of the court to the jury. At the trial, the plaintiff offered evidence to prove, and claimed to have proved, that on June 9, 1940, at about 11:55 p. m., she was riding as a passenger in a Ford coupe, operated by Roscoe Gray, in a westerly direction on State Street. As Gray approached the intersection, he brought his

automobile to a full stop with its front wheels at or about the easterly curb line of Commerce Street extended across State. He later proceeded westerly through the north half of the intersection with his automobile in low gear. When the automobile was substantially at the center of the intersection and moving at a speed of six miles an hour, Gray looked to his right and saw the lights of the defendants' truck coming from the north on Commerce Street and approximately one hundred feet away. Gray continued westerly through the north half of the intersection and, when the front wheels of his Ford automobile were at or slightly west of the westerly curb line of Commerce Street extended across State Street, the front end of the truck struck the right side of Gray's automobile, pushing it sideways over the curb at the southwest corner of the intersection and beyond, a total distance of about sixty-six feet. The defendants' truck as it approached gave no signal or warning and was moving at a speed of about forty miles an hour. The operator of the truck approached the intersection on the west half of Commerce Street and when the front of the truck was forty feet north of the northerly curb line of State Street extended across Commerce Street he saw for the first time the whole of the Ford automobile within the intersection. He then applied his hydraulic booster brakes lightly and turning neither to the right nor to the left continued on his course until the collision occurred in the northwest quadrant of the intersection.

The defendants offered evidence to prove that when the driver of the truck first saw the automobile it was part way in the intersection and moving towards a point in front of him, at a distance of about thirty feet. The driver of the truck partially applied his hydraulic booster brakes and turned slightly to his

right to avoid a collision but was not successful in doing so. It was raining slightly at the time of the collision and on account of the heavy load upon the truck, the incline of the highway as it approached the intersection and its wet condition there was risk of skidding or of overturning the truck had there been a full application of the brakes.

In the course of his remarks to the jury, otherwise unexceptionable, the trial judge made two statements in reference to the duty of the operator of the defendants' truck which the defendants claim were erroneous and harmful. In the first of these statements, the court informed the jury that, if the defendant driver either saw or, in the exercise of due care, should have seen the Ford coupe in the intersection and crossing it before he reached it, it was his legal duty "to make every possible endeavor to stop his truck and avoid a collision." Later in the charge, the court said that the plaintiff claimed that the defendant driver was negligent in that he failed to stop the truck when he saw or, in the exercise of reasonable care, should have seen the car in which the plaintiff was an occupant in a position of danger. The court then stated that, if the defendant driver "saw that car, that coupe, in a position of danger, it was his duty to do everything possible to avoid a collision." It is the claim of the defendants that the sections which we have quoted from the instructions of the court placed too high a duty upon the defendant driver and constituted prejudicial error. They occurred in the latter part of the charge and were not explained or modified in any way in anything that was thereafter said to the jury. These passages from the charge, wholly unexplained or modified by anything thereafter stated to the jury by the trial court, imposed upon the defendant driver a duty in excess of the legal requirement of reasonable care. *Tuckel* v. *Hartford,*

118 Conn. 334, 338, 172 Atl. 222; *Ezzo* v. *Geremiah,* 107 Conn. 670, 676, 142 Atl. 461. They related to a vital issue of the case and, occurring at the time and place they did, we cannot escape the conclusion that the error requires a new trial.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.