GEORGE RODE *v.* ADLEY EXPRESS COMPANY, INC., ET AL.

WALTER SCHULTZ *v.* ADLEY EXPRESS COMPANY, INC., ET AL.

ELEANOR DELAMETER *v.* ADLEY EXPRESS COMPANY, INC., ET AL.

ADELAIDE D. HARBERT *v.* ADLEY EXPRESS COMPANY, INC., ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued May 5—decided July 13, 1943.

*Philip R. Shiff*, for the appellants (named defendant and defendant Carrano).

*A. W. Firestone*, with whom, on the brief, were *Morton E. Cole* and *Cyril Cole*, for the appellants-appellees (plaintiffs Delameter and Harbert).

*Edward C. Carroll*, for the appellees (plaintiffs Rode and Schultz).

*M. J. Blumenfeld*, with whom, on the brief, was *DeLancey Pelgrift*, for the appellee (plaintiff Rode).

JENNINGS, J. Rode, the driver, and the three passengers in his pleasure car brought negligence actions against the Adley Express Company, Inc., and Carrano, the driver of its truck, agency being admitted. Two of the passengers, Delameter and Harbert, also named Rode as an additional defendant. The Adley Company filed a counterclaim in the Rode action for damage to its truck. It objected to the trial of these cases together on the ground that a confusion of issues would result, but this objection was overruled.

"Independent of statutory authority, courts of general jurisdiction have inherent power to consolidate different causes, or order them tried together, when the circumstances authorize such course; and unless otherwise provided by statute, questions respecting such procedure are addressed to the discretion of the trial court, and its action will not be revised unless an abuse of discretion clearly appears." *Yardley* v. *Rutland R. Co.,* 103 Vt. 182, 185, 153 Atl. 195. While there appears to be no Connecticut case directly in point, this is the general rule. *Benge's Administrator* v. *Fouts,* 163 Ky. 796, 807, 174 S. W. 510; *Paducah Traction Co.* v. *Walker's Administrator,* 169 Ky. 721, 722, 185 S. W. 119; *Azinger* v. *Pennsylvania R. Co.,* 262 Pa. 242, 245, 105 Atl. 87; *Woodstock Operating Corporation* v. *Young,* 268 Fed. 278, 281; *Lumiansky* v. *Tessier,* 213 Mass. 182, 187, 99 N. E. 1051, Ann. Cas. 1913 E 1049. The fact that the issue of contributory negligence might apply to the case of one plaintiff and not to that of the others would not prevent the trial of the cases together. *Yardley* v. *Rutland R. Co.,* supra; *Farrar* v. *Hank,* 205 Ky. 89, 91, 265 S. W. 487.

As is pointed out in *Dettenborn* v. *Hartford National Bank & Trust Co.,* 121 Conn. 388, 392, 185 Atl. 82, "the public has an interest in the prevention of unnecessary litigation, both because of the burden it places on the State and the resulting crowding of the dockets of the courts." This procedure of trying cases together, which has long been the established practice in this state, assists in expediting business without doing anyone an injustice. Section 822f of General Statutes, Supplement of 1941, approves this policy by providing for the consolidation of actions arising out of the same transaction.

In this case counsel and the trial court cooperated

to clarify the issues and to keep the four cases separate. The charge was very helpful in this respect. The trial resulted in consistent verdicts. These ran in favor of each plaintiff and of Rode when he was a codefendant with the Adley Company. The ruling of the trial court that these cases should be tried together was within its discretion and not erroneous.

The collision causing the injuries occurred at the intersection of Park and Broad Streets in Hartford at 3 a.m. on May 24, 1941. Rode was proceeding north on Broad Street and the truck east on Park Street. Rode was thus approaching from the right of the truck. The front of the truck struck the rear left side of the pleasure car within the northeast quadrant of the intersection. Both drivers claimed the right of way.

Herbert C. Buxton, the only disinterested witness of the collision, was night manager of a restaurant on the northwest corner of the intersection and gave evidence from which the jury could reasonably have concluded that Rode had the right of way and that the named defendant was liable. The defendants stated, in effect, in their brief and in oral argument, that if Buxton was a credible witness they were liable. They claim that the physical facts prove that his testimony was false and that a written statement made by him out of court confirms that conclusion. An analysis of the testimony would serve no useful purpose here. The physical facts did not compel the finding sought by the defendants. *Willows* v. *Snyder,* 116 Conn. 213, 215, 164 Atl. 385; *Porcello* v. *Finnan,* 113 Conn. 730, 732, 156 Atl. 863. As to the inconsistency between Buxton's testimony and his statement, the jury were the judges of his credibility as a witness and it cannot be held as a matter of law that they should have disregarded the evidence given by him. Id., 733. Even

though the truck did enter the intersection first, as claimed by the defendants, that would not establish that it had the right of way. As Rode's car was upon the right of the truck, the truck would not have the right of way unless its driver could reasonably believe that, if both cars continued to run at the rate of speed at which they were running, there would not be a risk of collision but that he could cross in safety in front of Rode's car. *Neumann* v. *Apter,* 95 Conn. 695, 701, 112 Atl. 350; *Carlin* v. *Haas,* 124 Conn. 259, 264, 199 Atl. 430; *Catania* v. *Conforte,* 130 Conn. 178, 181, 32 Atl. (2d) 646. There was no error in the denial of the motions to set aside the verdicts on the question of liability.

The exceptions to the charge will be considered in the order in which they appear in the Adley Company's brief. In discussing the cases of Delameter and Harbert, the court charged as follows: "That negligence only, therefore, is the proximate cause of an injury which is in fact an efficient act of causation separated from its effect by no other act of causation; or, as is sometimes said, *the last conscious agent in producing an injury, is the party liable for it.*" The defendants claim that the italicized words required a finding that either Rode or Carrano was liable, but not both, and that the possibility of there being concurrent negligence was excluded. While the clause under consideration may have its place in the philosophy of proximate cause (see *Howard* v. *Redden,* 93 Conn. 604, 609, 107 Atl. 509) it was not applicable to the facts of this case and the question is whether the issue of concurrent negligence was foreclosed thereby. The charge is to be read as a whole. *Kerin* v. *Baccei,* 125 Conn. 335, 337, 5 Atl. (2d) 876. The paragraphs immediately preceding and following the statement complained of as well as other specific paragraphs and the

charge as a whole negative any possibility that the jury could have understood it in that sense.

Even assuming that the charge on concurrent negligence was insufficient, the Adley Company, as codefendant with Rode in the Delameter and Harbert cases, has no cause for complaint. "If the illegal conduct of each of the defendants was a proximate cause of the collision, they would be liable jointly and severally, the plaintiff would have a right to recover the entire amount of damages awarded from either, and, if he did so, the defendant paying them would have no right of contribution against the other; or the plaintiff might have sued either alone, and of course in the event of a recovery, that one would have been compelled to pay the entire amount of damages. *Caviote* v. *Shea,* supra [116 Conn. 569, 575, 165 Atl. 788]. The legal liability of the defendant Heisler would be no greater or no less whether the action, if retried, resulted in a judgment against both or, Widman not being a defendant, in a judgment against Heisler alone. The only advantage to him from the setting aside of the verdict in favor of Widman would be the possibility of some benefit to him in the course of the trial from the presence of Widman as a joint defendant or that, in the event of a judgment against both, the plaintiff would elect to get satisfaction, in whole or in part, from Widman. These are not sufficient reasons for continuing the litigation against Widman, where the plaintiff has acquiesced in the judgment holding him not liable." *Rose* v. *Heisler,* 118 Conn. 632, 633, 174 Atl. 66. So here, the plaintiffs have acquiesced in the verdict in favor of Rode and there are no sufficient reasons for ordering a new trial on the assignment of error under consideration on the complaint of the Adley Company. For the reasons stated, this portion of the charge cannot be said to be

a basis of reversible error. *Budovsky* v. *Hadhazi,* 95 Conn. 388, 397, 111 Atl. 179.

The complaint of the charge on control is without merit. In charging as to the duty of the driver on the left at an intersection, the court said he should "act as an ordinarily prudent person would act, in the same situation, in the exercise of reasonable care, respecting signals, and the speed and management of his vehicle, *and any conduct likely to cause or prevent an accident.*" The defendants claim that the italicized words imposed an additional obligation on the defendants to do everything possible to prevent an accident and to refrain from doing everything which might cause one. The clause, like the requirements about signals, speed and control, depends on the underlying statement requiring reasonable care in this as in the other respects. This charge furnishes no grounds for complaint. *Bettilyon* v. *Smith & Son, Inc.,* 96 Conn. 16, 20, 112 Atl. 649. In *Penfield* v. *Hearing,* 129 Conn. 169, 171, 26 Atl. (2d) 791, relied on by the defendants, the trial court charged unqualifiedly that it was the legal duty of the defendant to stop his truck and avoid an accident.

The court charged that if Rode proved his case he was entitled to the market value of his car. The defendants offered evidence and claimed to have proved that its value before the collision was $650 while afterwards it was worth $150 to $200. There is no claim of proof by Rode as to its value at any time. The true rule is the difference between the fair market value of the car before and after the collision, plus interest from the date of loss. *Hawkins* v. *Garford Trucking Co., Inc.,* 96 Conn. 337, 341, 114 Atl. 94; *Bullard* v. *de Cordova,* 119 Conn. 262, 268, 175 Atl. 673. While there are insufficient data in the finding to correct this error, the evidence can be consulted where it is possi-

ble to prevent a new trial with the attendant delay and expense. See *Finnegan* v. *LaFontaine,* 122 Conn. 561, 565, 191 Atl. 337. Conn. App. Proc. § 73 p. 102. The smallest difference between these values on the defendants' claims of proof is $450. The largest sum which the jury could have included in Rode's verdict under the charge and the evidence was $750. The error in Rode's favor could, therefore, not have exceeded $300, and a remittitur will be ordered in that amount. Rode carried collision insurance. Before this action was brought he effected a settlement with the insurance company for the damage to his car and assigned to it his right to recover therefor. This did not defeat Rode's right to recover. *Smith* v. *Waterbury & Milldale Tramway Co.,* 99 Conn. 446, 451, 121 Atl. 873. The defendants withdrew their claim that this verdict was excessive. This withdrawal related to their appeal from the denial of their motion to set aside the verdict and does not affect their claim of error in the charge under their appeal from the judgment which is a separate appeal under the statute. General Statutes, §§ 5689, 5692, 5693; *Klein* v. *Capitol National Bank & Trust Co.,* 124 Conn. 685, 686, 2 Atl. (2d) 489.

The defendants' final claim is that the verdict of $16,885 in the Delameter case was excessive. The special damages were over $1300 and the injuries severe, as is clearly indicated by the exhibits as well as the evidence. Eleanor Delameter was seventeen, a high school student. The jury could reasonably have found that she suffered a fractured skull with a bad concussion, that she bled from her face and head, was unconscious for some time and was hospitalized from May 24 to September 21. They could further have found that she suffered multiple bruises and contusions, a great deal of pain, a post-traumatic neurosis

and a severe oblique fracture of the left femur necessitating prolonged and painful treatment, including the application of a metal plate fastened by six screws. There was evidence that at the time of trial, almost a year after the accident, she still had trouble in walking, was unable to indulge in sports and was nervous in a car or in crowds. Even assuming that her permanent injuries were somewhat conjectural, we cannot say that the verdict, though large, exceeded fair compensation for the serious injuries, pain and special damages.

Plaintiffs Delameter and Harbert, having stated that they did not desire to press their appeals from the denial of their motions to set aside the verdicts in favor of Rode as a defendant, are given permission to withdraw them.

There is no error in the defendants' appeals in the Schultz, Delameter and Harbert cases. There is error in the defendants' appeal in the Rode case, the judgment is set aside and a new trial is ordered unless the plaintiff within three weeks from the time he receives notice of the decision of this court shall file in the office of the clerk of the Superior Court a remittitur of $300 of the amount of the verdict; but if such remittitur shall be filed judgment shall thereupon, as to the residue, be entered upon the verdict; the costs of this appeal to be taxed to the appellant in either event.

In this opinion the other judges concurred.