TOWN OF BURLINGTON ET AL.
*vs.*
HARTFORD-CONNECTICUT TRUST CO. ET AL.

Superior Court　　　Hartford County　　　File No. 67866

MEMORANDUM FILED DECEMBER 27, 1943.

*Davis, Lee, Walker & Wright,* of Hartford, for the Plaintiffs.

*Robinson, Robinson & Cole,* of Hartford, for First National Bank of Hartford.

*Day, Berry & Howard,* of Hartford, for Hartford-Connecticut Trust Company.

*Gross, Hyde & Williams,* of Hartford, for Phoenix State Bank & Trust Company.

KING, J.　This is an action by three plaintiffs against three defendants. Damages of $25,000 are claimed against the defendant Hartford-Connecticut Trust Co., damages of $15,000 and an accounting are claimed against the defendant Phoenix State Bank and Trust Company, and damages of $10,000 and

an accounting are claimed against the defendant First National Bank of Hartford.

The three defendants have united in a motion to dismiss in which, in six respects, it is claimed that there is a misjoinder of parties defendant. The defendants place great reliance on section 65 on page 37 of the Practice Book, (1934) while the plaintiffs place great reliance on section 5522 of the General Statutes, Revision of 1930.

It is not claimed in the motion that no cause of action is alleged against any one of the three defendants. The claim is, that although there may be a good cause of action alleged against each defendant, these causes of action cannot properly be joined in one complaint, and, so, that these defendants are improperly joined as parties in one writ.

The motion, if granted, would operate to dismiss the entire cause of action against all defendants, notwithstanding the fact that thus far there has been no claim that a good cause of action has not been stated against each defendant, if considered separately. Such a result is not consonant with modern policy. *Rode vs. Adley Express Co., Inc.,* 130 Conn. 274, 277. Moreover, if this procedure may be followed, then there is no need of employing a demurrer to attack a misjoinder of causes of action, where, as here, the misjoinder relied upon does not consist of an improper union of several diverse causes of action, each running against all defendants, but of an improper union of several diverse causes of action each of which purports to affect, respectively, a single one of an equal number of parties defendant. *Patchin vs Rowell,* 86 Conn. 372, 378.

In other words, the claimed misjoinder of parties defendant here is, in essence, a claimed misjoinder of causes of action. If there is no misjoinder of causes of action, there is no misjoinder of parties defendant. Under these circumstances, the proper remedy of the defendants, if their claim of misjoinder on any of the grounds set forth in this motion to dismiss is sound, would be by demurrer. Practice Book (1934) §100, p. 46; *Town of Fairfield vs. Southport National Bank,* 77 Conn. 423, 427.

The case of *White vs. Town of Portland,* 67 Conn. 272, 273, although valuable in the proper interpretation of the first sentence of section 5522 of the General Statutes, Revision of 1930, is not in point because (1) the attack on the claimed

misjoinder was by demurrer; (2) the misjoinder involved a party (remainderman) who had (p. 277) "no interest whatever in obtaining" the relief demanded and as to whom (since no cause of action had by him been stated), necessarily a demurrer would be efficacious; and (3) the parties claimed to have been misjoined made no effort to extricate themselves from the position in which the claim of misjoinder had placed them.

The motion to dismiss is overruled on all grounds.