[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE #128
On May 20, 1992, the plaintiff, Farmers Mechanics Bank, filed the present foreclosure action against the defendants, Patricia A. Hubbard and Randy W. Hubbard (hereinafter "Hubbards"), on a mortgage recorded on August 7, 1991, in the amount of $120,000.00, secured by property known as lot number 5 of the Hubbard's Ridge subdivision located in Haddam, Connecticut (hereinafter "subject property"). The following parties are additional defendants with alleged subordinate interests in the subject property:
 a. Chris Carta and Susan Carta recorded a mortgage on the subject property on August 9, 1991, in the amount of $15,000.00.
 b. The plaintiff, Farmers Mechanics Bank, recorded an additional mortgage on the subject property on December 18, 1991, in the amount of $41,000.00. It is noted that the plaintiff has failed to name itself as a defendant in the present foreclosure action pursuant to this subsequent mortgage contrary to Connecticut practice. See D. Caron, Connecticut Foreclosures, Sec. 4.04A (2d ed.).
 c. Stevens Brothers, Inc., recorded a mechanic's lien on the subject property on January 31, 1992, in the amount of $9,605.00.
 d. Sanson, Inc., recorded a mechanic's lien on the subject property on February 11, 1992, in the amount of $4,049.29.
 e. Barbara F. Young and Deborah A. Prior recorded an attachment lien on the subject property on March 3, 1992, in the amount of $55,000.00.
In addition to the aforementioned encumbrances, the subject property is subject to a tax lien by the Town of Haddam in the amount of $1,500.00. CT Page 4664
On February 10, 1993, one of the additional defendants, Stavens Brothers, Inc., (hereinafter "Stavens"), filed a cross claim against the Hubbards. Stavens' cross claim contains five counts. In count one, Stavens brings an action to foreclose upon a mechanic's lien it recorded on January 31, 1992, in the amount of $9,605.00, for well drilling and related services it performed for the Hubbards from November 5, 1991 to December 26, 1991. In count two, Stavens alleges that the Hubbards fraudulently induced Stavens to enter said agreement with Randy Hubbard by representing that he was the property owner of the subject property, where it is alleged that Patricia Hubbard was and is the actual property owner. In count three, Stavens alleges that the Hubbards violated the fraud provisions of General Statutes Sec. 52-562. General Statutes Sec. 52-562 provides that:
 When any person is guilty of fraud in contracting a debt, or conceals, removes or conveys away any part of his property, with intent to prevent it from being taken by legal process, or refuses to pay any debt admitted by him or established by a valid judgment, while having property, not exempt from execution, sufficient to discharge the debt, concealed or withheld by him so that the property cannot be taken by legal process, or refuses to disclose his right of action, with intent to prevent the rights of action from being taken by foreign attachment or garnishment, any creditor aggrieved thereby may institute an action against him, setting forth his debt and the fraudulent act or acts particularly in the complaint.
In count four, Stavens alleges breach of contract by the Hubbards for failing to pay under the terms of said service agreement. In count five, Stavens alleges unjust enrichment on the part of the Hubbards under a quasi contract theory.
On February 16, 1993, the Hubbards filed the present motion to strike counts two through five of Stavens' cross claim on the grounds that (1) the underlying contract and tort claims are improperly joined with the present foreclosure CT Page 4665 action, (2) that the allegations of counts one and two are redundant, and (3) that General Statutes Sec. 52-562 does not create a private right of action as set forth in count three of the cross claim.
On February 25, 1993, Stavens filed an opposition to the Hubbards' motion to strike. Stavens argues that the Hubbards' motion to strike should be denied on the grounds that (1) the Hubbards lack standing to bring the present motion to strike, (2) that the joinder of claims meets the requirements of the "transactional test" of the Practice Book Sec. 116, and (3) that General Statutes Sec. 52-562 allows for a private cause of action as set forth in count three of the cross claim.
Practice Book Sec. 152 provides in part that:
 Whenever any party wishes to contest. . . the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted, . . . that party may do so by filing a motion to strike the contested pleading or part thereof.
Pursuant to Practice Book Sec. 152, the court finds that the Hubbards have standing to bring their present motion to strike.
Further, a motion to strike is proper where causes of action are improperly joined. See Burlington v. Hartford-Connecticut Trust Co., 12 Conn. Sup. 290 (Super.Ct. 1943). Practice Book Sec. 116 provides in part that:
 Supplemental pleadings showing matters arising since the original pleading may be filed in actions for equitable relief by either party. In any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff and cross claims against any codefendant provided that each such counterclaim and cross claim arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint; CT Page 4666 and if necessary, additional parties may be summoned in to answer any such counterclaim or cross claim.
 "The `transactional test' is one of practicality, and the court's determination as to whether that test has been met ought not to be disturbed except for an abuse of discretion. . . . Where the underlying purposes of Practice Book Sec. 78 [now Sec. 166], to wit, judicial economy, avoidance of piecemeal disposition of what is essentially one action, are thwarted rather than served by the filing of a cross claim, the cross claim may properly be expunged." Jackson v. Conland, 171 Conn. 161, 166-67, 638 A.2d 3 (1976).
Wallingford v. Glen Valley Associates, Inc., 190 Conn. 158,161, 459 A.2d 525 (1983).
 A cross complaint may be addressed by one defendant against the plaintiff, or a codefendant, or even against a third party summoned to appear at the pleader's request. As long as the cross complaint relates to the transaction upon which the main case is founded, it may with propriety be filed and pressed. In other words, it must be germane to the complaint. Independent and unrelated causes of action against codefendants can never be litigated by cross actions.
(Citation omitted.) New Haven Metal and Heating Supply Co. v. Flanagan, 7 Conn. Sup. 195, 195-96 (Super.Ct. 1939). In Citytrust v. Kings Gate Developers, Inc., 2 Conn. L. Rptr. 639
(October 19, 1990, Lewis, J.), the trial court held that, in a foreclosure action, a counterclaim for tortious interference with a contract to sell the foreclosed upon property was improperly joined because it did not relate to the same transaction, pursuant to Practice Book Sec. 116.
In the present foreclosure action, Stavens sets forth additional contract and tort cross claims based upon the CT Page 4667 underlying agreement for well drilling services. The court finds that these particular claims are unrelated and do not rise out of the same transaction as the main foreclosure action. Accordingly, this court finds that these additional cross claims are improperly joined to the present foreclosure action.
The court will not address the Hubbards' remaining two arguments in their motion to strike because they deal with the merits of the improperly joined cross claims.
Therefore, the court grants the Hubbards' motion to strike counts two through five of Stavens' cross claim on the ground that these counts are improperly joined to the present foreclosure action.
JOHN F. WALSH, J.