[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO TRANSFER AND CONSOLIDATE
The defendants, Chaudhary and Nusrat Ramzan, filed a motion to transfer the subject foreclosure action to the Judicial District of New Haven at New Haven for consolidation with Union Trust Co. v. Ramzan, CV90-0306809, for the foregoing reasons:
 1. Each action is a foreclosure action seeking to foreclose respective mortgages obtained by the defendants for the purpose of acquiring a single piece of commercial property [located in New Haven].
 2. In each case, the defendants . . . make an identical claim of fraudulent inducement by the plaintiff as to representations about a piece of commercial property [located in New Haven].
 3. In both, the issue is identical and in the interest of judicial economy, there should be one joint trial.
 4. There is no need to force the defendants to defend two separate actions where it is a joint single factual issue to be tried.
CT Page 5104
(Motion to Transfer, dated April 19, 1993). The plaintiff, Union Trust Company, has filed an objection to the defendants' motion to transfer and consolidate the two actions on the grounds that the actions are based on two separate mortgage notes, the claim of fraudulent inducement has only been raised in the Milford case, and the Milford case is scheduled for trial in May of this year. The plaintiff fails to cite to any legal authority in its objection.
Although the actions are based on two separate mortgage notes on two separate parcels of land, the actions arise out of the same transaction, and as a result, the actions should be tried together pursuant to section 84A of the Practice Book. Not only are the defendants and plaintiffs the same in each case, the issues, as raised by the defendants' counterclaims filed in each case, are the same. In support of their motion to transfer and consolidate, the defendants filed an affidavit by Chaudhary Ramzan which states that the mortgage on the defendants' home in Milford, which is the subject of this action, was made for the purpose of acquiring a piece of commercial property located in New Haven, which is the subject of the foreclosure action in New Haven. The affidavit also states that all of the defendant's contacts with the plaintiff, regarding these mortgages, were with the branch manager of the plaintiff's office located in New Haven. In addition, the affidavit states that the plaintiff's employee conspired with the former owner of the New Haven property, to overinflate the value of the property by having a fraudulent appraisal conducted on the property. The affidavit states that the motive for the alleged conspiracy was to induce the defendant to purchase the New Haven property at a greatly overinflated price so that the former owner could satisfy his financial obligations with the plaintiff. The defendants have filed special defenses and counterclaims in both actions which allege such fraudulent inducement. Thus, the issues are the same in both actions.
In addition, the plaintiff, Union Trust Company, filed a previous motion to consolidate the New Haven action with the Milford action on November 23, 1992. The motion states that
 [b]oth actions are foreclosure cases wherein there is a mutuality of party identification. Specifically, the Plaintiff/Mortgagee is the same in each case and the Defendants/Mortgagors are the same in each case. Moreover, similar claims of law and fact have been interposed as special defenses in both actions as evidenced by the [defendants'] June 20, 1991 Disclosure of Defense in this action and the CT Page 5105 July 29, 1991 Answer with Special Defenses and Counterclaim filed in [the Milford case].
The plaintiff's arguments made in opposition to the defendants' motion to transfer and consolidate are directly contrary to its own motion to consolidate filed in the New Haven action. As a result, the plaintiff's arguments in opposition to the subject motion to transfer and consolidate are without merit.
Furthermore, foreclosure actions may now be transferred freely from district to district. "In light of the current status of the law regarding transfers, and notwithstanding the provisions of section 51-345 regarding proper venue for foreclosures, it appears that foreclosures may now be transferred freely from district to district." Caron, Connecticut Foreclosures, 3.03, p. 45; see also A. Petrucci Construction Co. v. Alaimo Excavators Blasters Inc.,2 Conn. L. Rptr. 106 (July 9, 1990, Fuller, J.) (court ordered the transfer of an action to discharge a bond substituted for a mechanic's lien to a judicial district where a companion case to enforce the bond was pending); Bank of Boston Connecticut v. Juris Associates Limited Partnership, 5 Conn. L. Rptr. 298 (November 26, 1991, Hennessey, J.) (an action to foreclose a mechanic's lien and a mortgage foreclosure action by a lender should be consolidated pursuant to section 84A of the Practice Book).
In First Constitution Bank v. Veldhuis, 3 Conn. L. Rptr. 795
(March 18, 1991, Katz, J.), the court denied a motion to consolidate two foreclosure actions on the ground that the actions involve separate properties which are located in different judicial districts. The facts of the case at hand are distinguishable from the facts in First Constitution Bank. In First Constitution Bank, the defendants moved to consolidate a Stamford foreclosure action with a foreclosure action in Danbury. The alleged connection between the two cases was based on the defendants' special defense, setoff and counterclaim which alleged that the defendants were unable to pay the mortgage on the property located in the Stamford Judicial District because they were unable to collect rent on the property located in the Danbury Judicial District. The court found that the defendants' special defense, setoff and counterclaim were all legally insufficient and therefore they were all struck pursuant to the plaintiff's motion to strike. In the case at hand, the defendants' special defenses and counterclaims filed in both action have not been found to be legally insufficient. In addition, the mortgage on the property in Milford was made for the purpose of purchasing the property in New Haven. Also, all CT Page 5106 contacts with the plaintiff regarding the two mortgages were made at the plaintiff's office located in New Haven. For these reasons, the facts in this case are distinguishable from the facts in First Constitution Bank.
For the foregoing reasons, the defendants' motion to transfer and consolidate this action with the related foreclosure action in New Haven, Union Trust Co. v. Ramzan, CV90-0306809, is hereby granted.
The Court
Curran, J.