[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a foreclosure action, brought by the Federal Deposit Insurance Corporation, (FDIC), as receiver of Citytrust. The FDIC seeks foreclosure of two premises in Westport and Norwalk, as well as repayment of amounts due under a note. The plaintiff FDIC alleges that on December 28, 1989, Citytrust loaned $105,000 to the defendants, Brechin Morgan and Morgan Sign Company, and that such note was secured by mortgages on the two premises and an assignment of leases on the Norwalk property. The plaintiff further alleges that on October 23, 1990, Morgan and Morgan Sign Company executed a second note, in the amount of $19,500. Other named defendants in this action include Norwalk Savings Society, Bill Butler Associates, the City of Norwalk, and Steeltech Building Products (Steeltech), who are creditors that, according to plaintiff, hold interests subordinate to that of the plaintiff. Plaintiff alleges that Steeltech may claim an interest in the Westport premises by virtue of a lis pendens to set aside plaintiff's mortgage, dated April 15, 1993 and recorded on April 30, 1993.
On September 8, 1993, Steeltech filed an answer and "cross complaint" against Morgan and Morgan Sign Company (Morgan). Count one of the cross complaint alleges that from December of 1988 to CT Page 10952 March of 1989, Steeltech furnished labor and materials in connection with construction of premises owned by Morgan in Norwalk, in the amount of $3,878. Count two alleges that Morgan breached the agreement described in count one which appears to claim unjust enrichment. Count three alleges that the first mortgage from defendant to Citytrust was executed after the $3,878 debt to Steeltech became due, and was a fraudulent transfer intended to avoid payment of the debt, and that the court should set aside the mortgage. Count four alleges that another mortgage on the Westport property, executed by defendant in favor of Bill Butler Associates, was also a fraudulent transfer. Count five alleges that Norwalk Savings Society is a subsequent transferee of the interest transferred to Bill Butler Associates.
The plaintiff moves (#119) to strike Steeltech's entire cross complaint, on the grounds that it is improperly joined under Practice Book 116. "The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988); Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v. Board of Education,195 Conn. 90, 93, 463 A.2d 1111 (1985). The court must construe the facts most favorably to the pleader. Blancato v. Feldspar,203 Conn. 34, 36, 552 A.2d 1235 (1987). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them and if facts provable under the allegations would support a defense or cause of action, the motion to strike must fail (Citation omitted.)" Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545,427 A.2d 822 (1980). "[A] motion to strike is proper where cause of action are improperly joined." Farmers Mechanic's Bank v. Hubbard,8 CSCR 615 (May 11, 1993, Walsh, J.).
Practice Book 116 provides in relevant part that "[i]n any action for legal or equitable relief, any defendant may file . . . cross claims against any codefendant provided that each such . . . cross claim arises out of the transaction or one of the transactions which is the subject of plaintiff's complaint . . ."
 "The `transaction test' is one of practicality, and the trial court's determination as to whether that test has been met ought not to be disturbed except for an abuse of discretion . . . Where the underlying purposes of CT Page 10953 Practice Book 78 [now 116], to wit, judicial economy, avoidance of multiplicity of litigation, and avoidance of piecemeal disposition of what is essentially one action, are thwarted rather than served by the filing of a cross claim, the cross claim may properly be expunged."
Wallingford v. Glen Valley Associates, Inc., 190 Conn. 158, 161,459 A.2d 525 (1983), quoting Jackson v. Conland, 171 Conn. 161,166-67, 638 A.2d 3 (1976).
In the instant case, plaintiff seeks foreclosure of two premises which are secured by two notes and two mortgages. The only count of Steeltech's cross claim which involves the mortgages plaintiff seeks to foreclose is count three, which alleges that one of the mortgages between plaintiff and defendant ought to be set aside as a fraudulent conveyance. The other four counts of the cross complaint contain claims which are unrelated to plaintiff's foreclosure action. Accordingly, the plaintiff's motion to strike is denied as to count three and is granted as to all other counts.
So Ordered.
Dated at Stamford, Connecticut this 15 day of December, 1993.
WILLIAM BURKE LEWIS, JUDGE