[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO CONSOLIDATE (NO. 114)
The defendants, Robert Saska and Automatic Plumbing and Heating Co. (Automatic), have moved to consolidate the present action with Olsen v. Arszyla, Docket No. 303492. The present action involves a claim by the plaintiff, City of Norwalk, to recoup workers' compensation payments made to its employee, Calvin james. The plaintiff alleges that Saska, while driving a truck owned by Automatic, negligently caused his truck to collide with James' vehicle. The other action, Olsen v. Arszyla, is a multi-party personal injury action, in which Saska and Automatic are defendants, and involves claims arising out of the same multiple-vehicle accident.
The defendants argue that since both actions arise out of the same set of facts and circumstances, judicial economy would be served if both actions are tried together. The plaintiff argues that although the factual basis for both actions may be the same, the legal claims are substantially different.
"Whenever there are two or more separate actions which should be tried together, the court may, upon the motion of any party or upon its own motion, order that the action be consolidated for trial." (Citation omitted.) Clarke v. Ochart,8 Conn. L. Rptr. 609 (April 13, 1993, Higgins, J.); see also Practice Book 84A. "[I]t has long been held that the decision to CT Page 8952 consolidate or sever the trial of different actions is within the sound discretion of the court. . . ." Alpha Crane Service v. CapitolCrane, 6 Conn. App. 60, 68 (1986). "`Independent of statutory authority, courts . . . have inherent power to consolidate different causes, or order them tried together when circumstances authorize such course. . . .'" Clarke v. Ochart, supra, quoting Rode v. AdleyExpress Co., Inc., 130 Conn. 274, 277, 33 A.2d 329 (1943). "Whether the actions arise out of the same transaction or involve identical parties are important factors in determining the propriety of the joinder or the consolidation of actions." (Citation omitted.) Clarke v. Ochart, supra.
In the present case, the action is based on the same car accident that is the basis for Olsen v. Arszyla. Nevertheless, the present action involves legal and factual issues regarding whether the plaintiff is entitled to reimbursement of workers' compensation payments under General Statutes § 31-293. It is clear that since the present action involves different issues, it is within the court's discretion to deny the motion to consolidate. Said motion is denied.
WILLIAM J. McGRATH, JUDGE