[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO CONSOLIDATE (#106 AND #109)
Smith street Limited Partnership, Jerome and Arlene Klein, the plaintiffs in Klein v. Norwalk Savings, Docket No. 149296 (the Klein action) and the defendants in Norwalk Savings v. Smith,
Docket No. 149398 (the foreclosure action) filed a motion to consolidate the two cases on February 7, 1996. The foreclosure action, dated December 6, 1995, seeks foreclosure by Norwalk Savings on a note and mortgage signed on June 30, 1988, conveying property to Norwalk Savings from Smith street, and seeks recovery on a note signed by the Kleins in favor of Norwalk savings on June 3, 1986. The Klein action, filed December 8, 1995, is an eleven-count complaint against Norwalk Savings alleging contract, tort and statutory actions based on a loan restructuring agreement applicable to the two loans at issue in the present action, counts which mirror the answer and special defense filed by the Kleins and Smith Street in the foreclosure action. The complaint also alleges actions based on a depository agreement, actions which are not contained in the answer and special defense.
Practice Book § 84A provides," [w]henever there are two or more separate actions which should be tried together, the court may, upon the motion of any party or upon its own motion, order that the actions be consolidated for trial." "This procedure of trying cases together, which has long been the established practice in this state assists in expediting business without doing anyone an injustice." Rode v. Adley Express Co. Inc., 130 Conn. 274, 277,33 A.2d 329 (1943). "Whether the actions arise out of the same CT Page 3092 transaction or involve identical parties are important factors in determining the propriety of the joinder or the consolidation of actions." Mutual Life Insurance v. Town of Westport, Superior Court, Judicial District of Bridgeport, Docket No. 303881 (October 1, 5, 1993, McKeever, J., 10 Conn. L. Rptr. 215, 216) (denying a motion to consolidate where one action sought to foreclose on a mortgage and the other was a declaratory action to determine rights between mortgagor and mortgagee to an escrow fund held by a zoning commission.) In Union Trust Co. v. Ramzan, Superior Court, Judicial District of Ansonia/Milford at Milford, Docket No. 033940 (May 24, 1993, Curran, J., 8 CSCR 719) the court granted consolidation of two separate foreclosure actions on separate mortgages of different property where the mortgages were obtained to acquire a single piece of property, and therefore arose from the, same transaction.
Norwalk Savings objects to the motion arguing that the foreclosure action involves analysis of the terms of the loan documents and questions relating to default, whereas the Klein action involves tort and contract causes of action, including a depository account and Norwalk Saving's rights to a setoff, issues not related to the loan transactions. The Kleins respond that most of the allegations concern the restructuring agreement which relates to the terms and enforcement of the loans and must be determined in the foreclosure action.
Norwalk Savings further argues that the foreclosure action is purely equitable and cannot be tried to a jury while the Klein action is a legal action for which the Kleins will request a jury. "The fact that one case is claimed for jury trial, and the other is to be tried to the court, would not, in and of itself, preclude consolidation since, at the conclusion of the evidence, one case could be submitted to the jury, and the other reserved for a court determination." Regulbuto v. General Health Management, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 512861 (November 1, 1994, Mulcahy, J.).
The parties are identical, and the issues regarding the loan restructuring agreement will have to be decided in the foreclosure action. The counts in the Klein action regarding the depository agreement are separate and will require additional discovery and evidence. Accordingly, the court grants the motion to consolidate.
HICKEY, J. CT Page 3093