[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE CROSS-CLAIM (DOCKET ENTRYNO. 135)
On October 28, 1996, the defendant, Steeltech Building Products, Inc. (Steeltech), filed a four count cross-claim in foreclosure, breach of contract, quantum meruit, and violation of the Connecticut Unfair Trade Practices Act (CUTPA) against the defendants, Bridgeport Jai Alai Associates (Bridgeport Jai Alai) and O G Industries, Inc. (O G). Steeltech alleges that it has a mechanic's lien on 255 Kossuth Street in Bridgeport which is inferior to the plaintiff's tax liens, and that its mechanic's lien arose out of work performed on the building pursuant to a contract with O G. On November 13, 1996, the plaintiff, City of Bridgeport, filed a motion to strike Steeltech's cross-claim on the grounds that the cross-claim does not arise out of the same transaction as the plaintiff's foreclosure action, and is therefore not properly joined pursuant to Practice Book § 116. CT Page 165
The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint . . . ." S.M.S.Textile v. Brown. Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340, cert. denied, 228 Conn. 903,634 A.2d 296 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group, Inc., supra, 215.
"Practice Book § 116 provides that a [cross-claim] must arise out of the transaction which is the subject of the plaintiff's complaint." Wallingford v. Glen Valley Associates,Inc., 190 Conn. 158, 160, 459 A.2d 525 (1983). "`The "transaction test" is one of practicality, and the trial court's determination as to whether that test has been met ought not to be disturbed except for an abuse of discretion. . . . Where the underlying purposes of Practice Book 78 [now 116], to wit, judicial economy, avoidance of piecemeal disposition of what is essentially one action, are thwarted rather than served by the filing of a cross-claim, the cross-claim may properly be expunged." Id., 161.
The action brought by the plaintiff is one in foreclosure of tax liens on property owned by Bridgeport Jai Alai. The cross-claim asserted by Steeltech arises out of a mechanic's lien and contract which are not part of the transaction alleged in the plaintiff's complaint. See Wallingford v. Glen Valley Associates,Inc., supra, 190 Conn. 159-61; Federal Deposit Ins. Corp. v.Morgan Sign Co., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 133174 (December 15, 1993, Lewis, J.); Farmers Mechanics Bank v. Hubbard, Superior Court, judicial district of Middlesex, Docket No. 065702 (May 11, 1993, Walsh, J., 8 CSCR 615). Accordingly, the plaintiff's motion to strike Steeltech's cross-claim is granted.
WEST, J. CT Page 166