[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO CONSOLIDATE
The defendant, Citizens Utilities Company, moves to consolidate two actions filed by the plaintiff, in which he is seeking damages, declaratory judgments and other relief relating to, his involuntary termination by Citizens. In the present action, the plaintiff alleges that the defendant breached the terms of a life insurance agreement between the parties by wrongfully denying him benefits to which he was entitled following his termination. In a separate action, Avery v.Ferguson, Mitten Citizens Utilities Co., Docket No. 344969, the plaintiff alleges claims in tort against the defendant and two other company employees for wrongful discharge, intentional "and negligent infliction of emotional distress, libel, slander, invasion of privacy (false light), violation of § 31-128f of the General Statutes and aiding and abetting wrongful and tortious conduct.
Practice Book § 9-5(a) provides, "[w]henever there are two or more separate actions which should be tried together, the [court] may, upon the motion of any party or upon its own motion, order that the actions be consolidated for trial." "Independent CT Page 12025 of statutory authority, courts . . . have inherent power to consolidate different causes of action, or order them tried together, when the circumstances authorize such course." (Internal quotation marks omitted.) Rode v. Adley Express Co.Inc., 130 Conn. 274, 277, 33 A.2d 329 (1943). "This procedure of trying cases together, which has long been the established practice in this state, assists in expediting business without doing anyone an injustice." Id. "Whether the actions arise out of the same transaction or involve identical parties are important factors in determining the propriety of the joinder or the consolidation of actions." Clarke v. Ochart, Superior Court, judicial district of Middlesex at Middletown, Docket No. 68018 (April 13, 1993, Higgins, J.)
Here, the court concludes that consolidation is not appropriate. Although both actions arise from the plaintiff's involuntary termination, there are many differing issues of law and fact which cannot properly be brought in the same action. In the contract action, the plaintiff must establish that his job responsibilities were reduced over time, that the defendant did not offer him another position of equal or greater responsibility and that the defendant did not terminate him for "good cause" as defined in the insurance agreement. In the tort action, the plaintiff must establish that the defendants' statements constituted libel or slander, that the defendants' publication of allegedly false information about the plaintiff was an improper invasion of his privacy and that the defendants' conduct amounted to intentional or negligent infliction of emotional distress. Furthermore, the parties are not identical. Citizens is a defendant in both actions, but Ferguson and Mitten are defendants only in the tort action. Finally, the Superior Court, Melville, J., previously denied the defendant's motion to consolidate the two actions for purposes of discovery. "Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." (Emphasis in original; internal quotation marks omitted.) CFM of Connecticut v. Chowdhury, 239 Conn. 375, 404, 685.A.2d 1108 (1996). The court concludes that the prior issue was correctly decided and that there have been no new or overriding circumstances since that time.
Accordingly, the court denies the defendant's motion to consolidate. CT Page 12026
NADEAU, JUDGE