[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO CONSOLIDATE #104 MOTION TO STRIKE # 105
Before the court are the defendant's motion to consolidate (# 104) and the plaintiff's motion to strike (#105). For the reasons discussed below, the motion to consolidate is denied, and the motion to strike is granted.
The plaintiff, Nautilus Insurance Co., filed its complaint on December 26, 2001, seeking a declaratory judgment that its policy does not obligate it to provide coverage, defend, or indemnify Dominic Baldino in a related action brought against him by Christopher Barker.[1] Nautilus alleges that Barker was an employee of Baldino, and therefore, not covered by Baldino's policy with Nautilus because its policy specifically excludes workers' compensation claims. In his answer, filed January 9, 2002, Baldino denies this allegation. Barker has filed a counterclaim, alleging that Nautilus has violated General Statutes § 38a-815, et seq., the Connecticut Unfair Insurance Practices Act (CUIPA) (first count) and General Statutes 42-110a, et seq., the Connecticut Unfair Trade Practices Act (CUTPA) (second count).
On February 1, 2002, Baldino filed a motion to consolidate this case and the related matter, Barker v. Baldino, CV 01 0388182S. On February 6, 2002, Nautilus filed its objection to the motion to consolidate. On February 22, 2002, Barker filed his agreement to the motion to consolidate. CT Page 9254
Nautilus filed a motion to strike the defendant's counterclaim on February 1, 2002. On February 7, 2002, Barker filed a memorandum in opposition to the motion to strike.
The court heard argument on all the motions and objections at short calendar on May 28, 2002.
Motion to Consolidate
The motion to consolidate is governed by Practice Book § 9-5(a), which provides, in pertinent part: "Whenever there are two or more separate actions which should be tried together, the judicial authority may, upon the motion of any party . . . order that the actions be consolidated for trial." "[I]t has long been held that the decision to consolidate . . . the trial of different actions is within the sound discretion of the trial court. . . ." Alpha Crane Service v. CapitolCrane, 6 Conn. App. 60, 68, 504 A.2d 1376, cert. denied, 199 Conn. 808,508 A.2d 769 (1986).
"[C]ourts of general jurisdiction have inherent power to consolidate different causes, or order them tried together, when the circumstances authorize such course; and unless otherwise provided by statutes, questions respecting such procedure are addressed to the discretion of the trial court. . . ." (Internal quotation marks omitted.) Rode v. AdleyExpress Co., 130 Conn. 274, 277, 33 A.2d 329 (1943). "[T]he public has an interest in the prevention of unnecessary litigation, both because of the burden it places on the state and the resulting crowding of the dockets of the courts. This procedure of trying cases together, which has long been the established practice in this state, assists in expediting business without doing anyone an injustice." (Internal quotation marks omitted.) Id.
"Whether the action[s] arise out of the same transaction or involve identical parties are important factors in determining the propriety of the joinder or the consolidation of actions." Clarke v. Ochart, Superior Court, judicial district of Middlesex at Middletown, Docket No. 68018 (April 13, 1993, Higgins, J.) (8 Conn.L.Rptr. 609). The transaction at issue in the present case (Docket No CV 02 0388855) is the insurance contract between Nautilus and Baldino. The transaction in question in the related matter (Docket No. CV 01 0388182) involves an alleged negligence action by Barker against Baldino.
The parties in the two cases are the same, in that Barker and Baldino are involved in both suits. In the present case, the plaintiff, Nautilus, has named both Baldino and Barker as defendants. In the related CT Page 9255 matter, the plaintiff, Barker has brought suit against Baldino, as well as his company, All Roofs by Dominick.
In his motion to consolidate, Baldino argues that the issues raised in both actions are interrelated because Barker has raised the same counterclaim against Nautilus[2] in both cases and the decision in the related matter will be dispositive of the issue raised in the present case. Nautilus contends that consolidation is inappropriate because the two cases do not arise out of the same transaction in that the present action is merely to determine if coverage applies, while the related matter pertains to personal injuries alleged by Barker. Nautilus further argues that consolidation of the cases would prejudice it, because it would bear the cost of defending Baldino in the related matter. Finally, Nautilus asserts that to consolidate the cases would improperly insert the issue of insurance coverage into a negligence case. See Connecticut Code of Evidence § 410.
While the argument presented by Baldino is compelling, Nautilus has clearly shown that prejudice would result if the court were to consolidate these actions. Not only would the issue of insurance coverage be inserted improperly into a negligence action, but Nautilus would be prejudiced by having to incur the costs that the action for a declaratory judgment was meant to prevent. Because Nautilus has adequately demonstrated that it would be prejudicial if the cases were consolidated, the motion to consolidate is denied.
Motion to Strike
Practice Book § 10-39(a) provides, in pertinent part: "Whenever any party wishes to contest (1) the legal sufficiency of any complaint, counterclaim . . . to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading. . . ." The role of the trial court in ruling on a motion to strike is "to examine the [counterclaim], construed in favor of the [defendant], to determine whether the [defendant] has stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v.Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997).
In its motion to strike counts one and two of the defendant's counterclaim, Nautilus contends that Barker has failed to state legally sufficient claims of insurance bad faith under either General Statutes § 38a-815, the Connecticut Unfair Insurance Practices Act (CUIPA) (first count) or § 42-110a, the Connecticut Unfair Trade Practices Act (CUTPA (second count). A plaintiff may bring a private cause of action under CUTPA for a violation of CUIPA. See Lees v. MiddlesexInsurance Co., 229 Conn. 842, 850, 643 A.2d 1282 (1994); Mead v. Burns, CT Page 9256199 Conn. 651, 663, 509 A.2d 11 (1986). If the violation of CUIPA is an unfair claims settlement practice, the plaintiff must allege that the defendant committed the acts with such frequency as to indicate a "general business practice." Mead v. Burns, supra., 219 Conn. 660.
In Lees v. Middlesex Insurance Co., supra, 229 Conn. 849, however, the court held that evidence of multiple instances of unlawful conduct against a single person is insufficient to show a "general business practice" under CUIPA. This is precisely what Barker alleges in his counterclaim against Nautilus. Barker alleges that Nautilus engaged in unfair claim settlement practices in violation of § 38a-816 (6) by misrepresenting facts relating to the coverage at issue, failing to act on his claim, refusing to pay his claim and not attempting to resolve his claim in good faith. Barker argues that these actions were performed with such frequency as to indicate a general business practice, however, he fails to allege facts upon which to base this claim. Therefore, Barker's CUIPA and CUTPA claims are based on a mere legal conclusion, and as such, should be stricken. See Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992) ("A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."). Accordingly, the motion to strike the first and second counts of Barker's counterclaim is granted.
GALLAGHER, J.